WILLIAM J. McLEAN AND JOHN M. BASS, EXECUTORS OF HENRY R. W. HILL, DECEASED, THE SAID HENRY R. W. HILL AND WILLIAM J. McLEAN BEING THE SURVIVING PARTNERS OF THE FIRM OF N. AND J. DICK AND CO., APPELLANTS, *v.* JAMES L. MEEK, ADMINISTRATOR OF JOSEPH MEEK, AND JAMES L. MEEK AND JOSEPH MEEK.

The record of a debt against an administrator in one State is not sufficient evidence of the debt against an administrator of the same estate in another State.
The case of Stacy *v.* Thrasher, 6 How. 44, examined and affirmed.
In this case, even if there were other evidence of a demand, it would be for a debt upon open account, which would be barred by the statute of limitations in Mississippi, and therefore the decree of the circuit court, dismissing the bill, is affirmed.

THIS was an appeal from the circuit court of the United States for the southern district of Mississippi.

The case was this.

Joseph Meek, a citizen and resident of Davidson county, State of Tennessee, died on the 12th of February, 1838, leaving property in the States of Tennessee and Mississippi. He left three children, namely: James L. Meek, Joseph Meek, and a daughter, who was married to John Munn.

Jesse Meek, the brother of the deceased, was appointed his administrator in both States, namely, in Mississippi on the 30th February, 1838, and in Tennessee in September, 1838.

The estate in Tennessee was insolvent, and in November 1840, a bill was filed in the chancery court at Franklin, in the State of Tennessee, by Jesse the administrator, and by John Munn and wife, alleging the insolvency of the estate and praying for its administration according to the laws of that State in case of insolvent estates. To this bill the creditors were made parties defendants. The minor sons were also made defendants by their guardian.

Jesse Meek's letters of administration in Mississippi were revoked on 28th December, 1841, and John Munn appointed

on the same day administrator *de bonis non*.   He continued to administer until 12th February, 1849, and on the next day James L. Meek was appointed in his place.

In the progress of the administration in insolvency in Tennessee, the claim of N. and J. Dick and Co., (the surviving partners of which firm were the appellants,) for $21,460.80 was presented to the clerk and master, who had been directed by the court to report on the debts filed against the estate.   The claim was allowed for $20,445.67, which report was confirmed by the court.   Upon this claim, Dick and Co. received two sums, namely, one of $300 and the other of 1,987.13.

On the 29th of August, 1850, Hill and McLean, as surviving partners of the firm of Dick and Co., filed their bill in the circuit court of the United States for the southern district of Mississippi against James L. Meek, as administrator, which was afterwards so amended as to be against said Meek in his individual capacity, and also against Joseph Meek, one of the heirs.

The only evidence relied upon by the complainants was a transcript of the record from the chancery court of Tennessee.

The circuit court dismissed the bill, and the complainants appealed to this court.

It was submitted on printed arguments by *Mr. Benjamin*, for the appellant, and *Mr. Harris*, for the appellee.

*Mr. Benjamin* referred to the cases of Aspden *v.* Nixon, 4 How. 467, and Stacy *v.* Thrasher, 6 How. 44, and said :—

These authorities, rightly construed, are conclusive against the appellees.   In the present case, the administrator in Tennessee and in Mississippi is the same person; and in the proceedings in chancery in Tennessee, which resulted in a decree establishing the claim of the appellants, the present defendants were parties, as shown by the foregoing statement of facts.

In addition to this consideration, the present defendant, James L., as administrator *de bonis non* of Joseph Meeks, is privy with his predecessor, Jesse, in the trust resulting from the administration.   The principle is ruled expressly in Stacy *v.* Thrasher, as being the law of Mississippi.   See the language of Judge Grier, at page 60.

*Mr. Harris* referred to the case of Stacy *v.* Thrasher, and contended that, as a simple contract debt, it was barred by the statute of limitations.   Hutch. Miss. Code, 830–3.

Mr. Justice CATRON delivered the opinion of the court.
Hill and McLean sued James L. Meek, administrator of

Joseph Meek, by bill in equity, in the circuit court of the United States for the southern district of Mississippi, for upwards of $20,000, alleged to be due the complainants by Joseph Meek at the time of his death.

He died in February, 1838, and was then domiciled in David-son county, Tennessee. In September, 1838, Jesse Meek was appointed administrator of Joseph Meek's estate in said county. In November, 1840, the estate was alleged to be insolvent, and a bill was filed in the chancery court exercising jurisdiction in Davidson county, by Jesse Meek, the then administrator, and John Munn and his wife, who was a daughter of Joseph Meek, setting forth the insolvency, and praying for judicial adminis-tration of the assets among the creditors of the deceased, according to the statute of that State. To this bill the creditors were the proper defendants, and entitled to share the assets ratably. The other children of the deceased were also made defendants, and acted by their guardian.

Nathaniel and James Dick and Co. presented a claim for allow-ance of $21,445, and which was allowed by the chancery court in May 1846, and about $2,000 of it was afterwards paid out of the assets distributed; and for the balance remaining unpaid the present bill was filed, seeking a discovery of assets from the administrator in Mississippi, and payment therefrom.

The evidence relied on to sustain the suit and establish the demand was a copy of the record from the chancery court of Tennessee; and the principal question is, whether this proceed-ing bound the administrator or affected the assets in Mississippi.

There is one circumstance worthy of explanation. Jesse Meek administered in Mississippi, 30th February, 1838, on Joseph Meek's estate, but his letters were revoked in 1841, and John Munn was appointed administrator *de bonis non,* and after-wards James L. Meek was appointed, and superseded Munn; and James L. is here sued.

During the contest in the Tennessee court, when Dick and Co. established their demand, Jesse Meek was the Tennessee administrator, and Munn and Joseph L. Meek were successively administrators in Mississippi.

These administrations were independent of each other; the respective administrators represented Meek, the deceased intes-tate, by an authority coextensive only with the State where the letters of administration were granted, and had jurisdiction of the assets there, and were accountable to creditors and distrib-utees according to the laws of the State granting the authority. No connection existed, or could exist, between them, and there-fore a recovery against the one in Tennessee was no evidence against the other in Mississippi. Stacy *v.* Thrasher, 6 How. 44, lays down this distinct rule.

But if there was evidence of the demand, as alleged, and which we do not doubt exists, yet it is only evidence of an open account existing at the time of Joseph Meek's death, in 1838, and therefore subject to be barred by the act of limitations in Mississippi barring such claims, if suit is not brought to enforce them within three years next after the cause of action accrued. The answers of the administrator and heirs of Joseph Meek rely on the act of limitations as a bar to relief, and which bar would necessarily be allowed, if the cause was remanded, so that further evidence might be introduced. As it now stands, however, there is no evidence of the demand, and therefore we order that the decree of the circuit court shall be affirmed.