**ESTATE AND GUARDIANSHIP OF SECCHI MINORS.**

No. 5165—January, 1879.

ACCOUNT.—Moneys received by guardian in a foreign jurisdiction must be accounted for here by guardian unless he shows positively that he has accounted for the same funds abroad, any presumption arising being, that the foreign authorities have permitted the transfer of the funds hither for the purpose of having them subject to the jurisdiction of the common domicile of guardian and wards.

Construing sections, C. C. P., 1773–4.

*J. M. Burnett,* for guardian.

*E. N. Deuprey,* contra.

By the report of the referee it appears that the guardian received rents of the real estate of his wards. He also received moneys of the wards in France under the following circumstances: The father of the wards, (a resident of this city and county) died leaving some property in France. A council of relatives was had there, at which it was agreed that Good should receive the moneys of the minors, he being their testamentary guardian here. He received the money and invested it in goods, shipped the goods to this city, and on their arrival here used the same in his business and mixed the proceeds, and the other moneys of the wards, with his own funds.

It is now contended that the guardian cannot be charged, in the settlement of his accounts in this State, with the moneys received by him in France; that it is to be presumed that he is responsible to the tribunals of the country where he received the money; and that, to hold him accountable here, would subject him to two jurisdictions, each entirely independent of the other.

18 How., 16; 1 Bradford, 345; 4 How., 497; 3 Met., 109; 20 N. Y., 103; Story on Conf., Secs. 529, 514.

By the COURT: By bringing the property to this State, the guardian subjected himself and it to the jurisdiction of this Court; and he must account in this Court, at least, unless he shows that he has actually accounted in the foreign jurisdiction and been relieved of his obligation. In the absence of a showing, this Court cannot presume that he has accounted in France. His duty in this State is to properly manage the property of his ward in this State. If there be any presumption at all, it is that he, by permission of proper authority, transferred the property to this State for the purpose of having it under the control of the Court where the wards reside.

Objection overruled.