**PENDLETON v. HARE. (No. 232–3413.)***

(Commission of Appeals of Texas, Section A. June 1, 1921.)

**1. Evidence ⬤80(1)—It is presumed that laws of foreign state are like those of forum.**

In an action against the ancillary administrator in Texas for legal services rendered the Oklahoma executor, it will be presumed in the absence of proof as to the laws of Oklahoma in reference to probate of wills and handling estate

of decedent that they are similar to the laws of Texas.

**2. Executors and administrators ⬤111(1) — Reasonable attorney's fees are expenses of administration.**

Within Rev. St. 1911, arts. 3623, 3458, reasonable attorney's fees are expenses of administration.

**3. Executors and administrators ⬤111(3)— In contracting with attorney for services in probate of will, executor acts in representative capacity.**

An executor who contracts with an attorney for legal services in connection with the probate of a will, which is the first essential and indispensable step toward carrying out the trusts imposed, is acting, not in his individual but in his representative, capacity.

**4. Executors and administrators ⬤111(3)— Executor may bind estate for reasonable attorney's fees in connection with probate of will.**

Under Rev. St. 1911, arts. 3623, 3458, respectively declaring that executors and administrators shall be allowed all reasonable attorney's fees necessarily incurred by them in the course of administration, and that expenses of administration, etc., shall have priority, the executor of a decedent is entitled to procure legal services for the probate of a will, though not personally interested therein, for, if the statute does not authorize such expenditures, it does not forbid the same, and the probate of the will is the first essential step toward carrying out the trusts declared.

**5. Executors and administrators ⬤521—Attorney's services in will contest in other state may be charged against estate in Texas in hands of ancillary administrator.**

Where the executor of an Oklahoma decedent engaged an attorney to probate the will, and the attorney resisted the contest interposed by the decedent's heirs, his claim for legal services may, where the assets in Oklahoma were exhausted, be made a charge against the personal estate in the hands of the ancillary Texas administrator, the executor having abandoned his application to be appointed administrator with the will annexed in the state of Texas, for the ancillary administrator bears the same responsibility as if he were the sole administrator or executor, and privity arises from his obligation to pay the debts of the estate, including the expenses of administration.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by W. S. Pendleton against Silas Hare, administrator of Samuel Bailey. A judgment for plaintiff was reversed by the Court of Civil Appeals (214 S. W. 948), judgment being rendered for defendant, and plaintiff brings error. Judgment of the Court of Civil Appeals reversed, and that of trial court affirmed.

---

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied June 22, 1921.

W. S. Pendleton, of Shawnee, Okl., J. W. Hassell, of Denison, and Head, Dillard, Smith, Maxey & Head, of Sherman, for plaintiff in error.

F. H. Reilly, of Shawnee, Okl., and J. A. L. Wolfe and J. H. Wood, both of Sherman, for defendant in error.

SPENCER, J. Plaintiff in error, W. A. Pendleton, instituted this suit against Silas Hare, administrator of the estate of Samuel Bailey, to recover the value of attorney's fees for services rendered the estate in Oklahoma.

The facts necessary to a determination of the issues are:

That Samuel Bailey died in Pottawatomie county, the place of his residence, leaving a will in which B. F. Hamilton was named executor and Sherman Spencer the sole beneficiary.

The estate consisted of real and personal property situated in Oklahoma of the value of $6,000 and personal property in Texas consisting of $54,000 on deposit in a Denison Bank and $1,700 in notes executed by a party in Oklahoma and secured by mortgage on Oklahoma real estate.

With knowledge before Bailey's death that he had been appointed executor, Hamilton employed plaintiff in error, a practicing attorney, to assist in the proceedings to probate the will, and in the conduct of the administration and settlement of the estate. After Bailey's death, F. H. Reily, another attorney, was employed, and the two were thereafter associated in the case; Pendleton being the leading lawyer.

Upon the will being offered for probate, its probate was resisted by Amelia Parker and others. The contest was long and stubborn, but terminated in a judgment probating the will.

On October 1, 1912, while the contest in Oklahoma was pending, W. G. McGinnis filed an application to be appointed and was appointed temporary administrator of the estate in Texas. Hamilton intervened, asking that he be appointed temporary and permanent administrator. Amelia Parker and others intervened to contest the appointment of Hamilton.

After considerable litigation in the district and county courts of Grayson county, it was agreed by all the parties that defendant in error should be appointed permanent administrator of the estate in Texas to take charge of and hold the estate pending the outcome of the Oklahoma contest, and upon termination of the contest to distribute the estate among the parties entitled to receive it.

Defendant in error qualified as administrator, and on February 14, 1917, which was after the termination of the Oklahoma contest, filed his final report as administrator; but its approval was objected to by Amelia Parker and others, plaintiff in error, T. G. Cutlip, and the state of Oklahoma.

During the hearing of the contest on the final reprrt, Sherman Spencer compromised with Amelia Parker and others, and the court then approved the final report, but required the administrator to hold a sufficient amount, pending the result of the litigation of Pendleton, Cutlip, and the state of Oklahoma to pay any judgments that they or any of them might finally recover, and directed that the remainder be paid over to Sherman Spencer.

Plaintiff in error presented his claim to Hamilton, executor, who allowed it for a reasonable fee, without stating the amount. The executor disbursed all of the funds in Oklahoma without paying plaintiff in error's claim.

On February 15, 1917, plaintiff in error presented his claim for $10,000 to defendant in error, Silas Hare, administrator, who refused it on the same day, and this suit was instituted the following day.

Upon a trial before the court without a jury, a judgment was rendered in favor of plaintiff in error for $7,500. Upon appeal the Court of Civil Appeals reversed and rendered the judgment. 214 S. W. 948.

[1] There is no proof in the record as to what the laws of the state of Oklahoma are with reference to the probate of wills and the handling of estates of decedents, and in the absence of which it will be presumed that they are similar to the laws of this state. Western Union Tel. Co. v. Bailey, 108 Tex. 427, 196 S. W. 516.

[2-4] The defendant in error insists that the claim for attorney's fees, which for the most part represents services rendered in establishing the will, is not a charge against the estate, but that, having been contracted for by the executor upon behalf of himself individually and for Sherman Spencer, sole beneficiary under the will, it is the individual obligation of the executor and Sherman Spencer.

There is no statute in this state that requires the executor named in the will to propound the same for probate; but article 3262, Revised Civil Statutes of 1911, permits him to do so; and if, in response to such commission, the executor in good faith makes application to have the same probated, and a contest follows, necessitating the employment of an attorney, and the will is admitted to probate, a reasonable attorney's fee for the services performed is a claim against the estate within the purview of articles 3623 and 3458, Revised Civil Statutes of 1911.

Article 3623 reads:

"Art. 3623. Executors and administrators shall also be allowed all reasonable expenses necessarily incurred by them in the preservation, safe-keeping and management of the estate, and all reasonable attorney's fees that may be necessarily incurred by them in the course of the administration."

Article 3458 declares that—

"The claims against an estate shall be classed and have priority of payment as follows: * * *

"2. Expenses of administration and the expenses incurred in the preservation, safe-keeping and management of the estate."

In an opinion by Judge Walker of the Commission of Appeals, adopted by the Supreme Court, it is held that reasonable attorney's fees are expenses of administration within the meaning of the clause of the statute quoted. Williams v. Robinson, 56 Tex. 347.

The executor was not personally interested in the probate of the will. In contracting with Pendleton he was acting, not in his individual capacity, but in his representative capacity as executor under it. Portis v. Cole, 11 Tex. 157. The probate of the will was the first essential and indispensable step toward carrying out the trust imposed by it. The statute authorized him to take such step. The employment of an attorney to uphold the will was consistent with his duty as executor to effectuate and complete the purposes of his trust.

If, however, the language employed in the statute is not sufficiently broad to include, as expenses of administration, reasonable attorney's fees incurred in establishing the will, it certainly does not expressly or impliedly prohibit them. In the absence of such statutory inhibition, we may look to the adjudicated cases for enlightenment in determining the rule to be applied, and in so doing find that the decided weight of authority holds, and we think properly so, that where the executor has acted in good faith in employing an attorney in proceedings to probate the will, and the will is established, the estate is chargeable with the expense of reasonable attorney's fees thus necessarily incurred. Re Estate of Frank Hentges, 86 Neb. 75, 124 N. W. 929, 26 L. R. A. (N. S.) 757, and notes; Henderson v. Simmons, 33 Ala. 291, 70 Am. Dec. 590.

Defendant in error relies upon Renn v. Samos, 37 Tex. 240, and Gilroy v. Richards, 26 Tex. Civ. App. 355, 63 S. W. 667, as supporting a contrary view. In the Renn Case the will had been probated, and the heirs of the testator instituted suit against the legatees named in the will for the purpose of setting aside the same, charging fraud upon the part of the defendants in the pretended execution of the will, and in procuring its probate. The plaintiffs in that suit prevailed, but the trial court allowed defendants attorney's fees notwithstanding that they were convicted of fraud by the verdict. The appellate court held that that was a personal action against the defendant, and not against the representatives of the estate of Renn. Having been convicted of fraud, it is not surprising that the appellate court denied recovery. A contrary ruling would encourage fraud.

In the Gilroy Case the Court of Civil Appeals refused to allow a claim against the estate for money paid by the wife as attorney's fees for defending the suit to contest her husband's will. The record in that case reveals that the will did not name an executor, but the wife was appointed temporary administrator. No proceedings other than the probate of the will were ever taken. No duty was imposed under the terms of her appointment as temporary administrator, requiring her to offer the will for probate nor to employ counsel to resist the contest to probate, and her action in resisting the contest to probate the will was not in discharge of any duty imposed by law or by the will, but was her individual act. These facts differentiate that case from the one presented by this record.

[5] In defense of the action, defendant in error further urges that, though the attorney's fee may be a proper charge against the estate in Oklahoma, it can form no basis for a claim against the administrator in Texas, as there is no privity between the executor in Oklahoma and the ancillary administrator in Texas. In support of this contention he relies upon Stacy v. Thrasher, 6 How. 44, 12 L. Ed. 337, and McLean et al. v. Meek, 18 How. 16, 15 L. Ed. 277, which establish the rule that a judgment against an administrator in one state will not support an action against another administrator in a different state, because, in contemplation of law, there is no privity between them. The correctness of the rule announced in those cases is not questioned; but it has no application to the facts of this case. The distinction, as regards privity between administrators appointed by law under different political jurisdictions and privity between testamentary executors, is clearly drawn in Hill v. Tucker, 13 How. 458, 14 L. Ed. 223. It is there said:

"The executor's interest in the testator's estate is what the testator gives him. That of an administrator is only that which the law of his appointment enjoins. * * * But though the executor's trust or appointment may be limited, or though there are several executors in different jurisdictions, and some of them limited executors, they are, as to the creditors of the testators executors in privity, bearing to the creditors the same responsibilities as if there was only one executor. The privity arises from their obligations to pay the testator's debts, wherever his effects may be, just as his obligation was to pay them."

In the same case the court, in discussing the want of privity between administrators deriving their powers from different jurisdictions quotes from Stacey v. Thrasher as follows:

"An administrator under grant of administration in one state stands in none of these relations—of privity—to another administrator in another state. Each is privy to the testator,

and would be estopped by a judgment against him, but they have no privity with each other in law or estate. They receive their authority from different sovereignties, and over different property. The authority of each is paramount to the other. Each is administrator to the ordinary from which he receives his commission. Nor does the one come by succession to the other into the trust of the same property, incumbered by the same debts, as in the case of an administrator de bonis non, who may truly be said to have an official privity with his predecessor in the same trust, and therefore liable to the same duties."

The view that the executor and administrator, cum testamento annexo, in different jurisdictions, are, as regards the creditors of the estate, in privity with each other, bearing to the creditors the same responsibilities as if there was only one executor, is clearly stated in a well-reasoned opinion by the Supreme Court of Georgia in Latine v. Clements, Adm'r, 3 Kelly, 426. In that case a judgment creditor of a Virginia executor brought an action upon the Virginia judgment against the Georgia administrator with the will annexed. The court held that they were in privity with the testator and with each other, and that an action would lie against the Georgia administrator with the will annexed.

The fact that the will was never probated in this state does not render the rule announced inapplicable in this case. The Oklahoma executor filed an application to probate the will in Texas, along with his application to be appointed administrator with the will annexed of the estate in Texas, but abandoned the application upon advice of Reily that its probate in Texas was unnecessary, as there was no real estate involved, and because the personal property could be distributed through the probate court of Grayson county upon certified copies of the judgment of the Oklahoma court establishing the will. The will was sufficient to pass all the personal or movable property of the testator wherever situate, and in recognition of this rule of law defendant in error properly distributed the estate in Texas, which consisted exclusively of personalty, under the terms of the will. The Oklahoma executor and the Texas administrator both recognized the authority of the will. In the distribution of the estate, that instrument alone governed each of them. The Texas administrator was appointed because of the want of power of the Oklahoma executor to act in this state. Upon the qualification of the former as administrator, and the undertaking upon his part to distribute the estate through the Texas courts in accordance with the terms of the will, he became the representative of the estate, and therefore in privity with the testator and with the executor.

It is our conclusion that the claim was a valid charge upon the estate in the hands of any administrator, and therefore upon the estate in the hands of the Texas administrator.

We recommend, therefore, that the judgment of the Court of Civil Appeals be reversed, and that of the trial court affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.