**STATE v. CARTER, et al.**

**No. I-111.**

Circuit Court, Polk County, Criminal Appeal.

October 27, 1958.

Edward C. Flood, Bartow, for appellants.

Robert B. Huffaker, State Attorney, Bartow, and Joseph O. MacBeth, Ass't. State Attorney, Sebring, for appellee.

GUNTER STEPHENSON, Circuit Judge.

This is an appeal from an order of the criminal court of record of Polk County which confiscated to the Game and Fresh Water Fish Commission certain personal property of the appellants, to wit—

1 14 foot plywood boat
1 12 foot cypress boat
1 14 foot Gillis plywood boat
1 30 HP Johnson Outboard Motor,
    Serial No. 1397061—Model RBE 18 E
Approximately 600 yards of Haul Seine

The appellants, in their brief, abandon their assignment of errors as applied to the Haul Seine.

The order complained of recites that it is based on the provisions of section 372.31, Florida Statutes 1955, and is in conformity with the holding of the Supreme Court in Bruce v. Malloy, 7 So. 2d 123.

The writer has not been favored with a brief or citation of authorities relied on by appellee. The Malloy case does not, in my opinion, support the order entered by the long experienced and learned trial judge. The Malloy case held—"There is nothing in the record to support the ownership, or claim of ownership, on the

part of Mr. Malloy until the early portion of July, 1941. The order of forfeiture having been entered on May 29, 1941, the judgment was final and the judge was without power to reopen the judgment as attempted on July 10, 1941." Any referral in said opinion to boats was obiter dictum.

The order of forfeiture in this case is based on section 372.31, which declares that any illegal net, trap, or *fishing device*, or illegally used net, trap or *fishing device* found in the fresh waters of this state may be forfeited to the Game and Fresh Water Fish Commission. There can be no question that the legislature or Game and Fresh Water Fish Commission could declare boats and motors, when used in illegal fishing, to be nuisances, and authorize the forfeiture thereof. They have not, however, done so.

In Smith v. Maryland, 59 U. S. 18, it was held that the state had the right to make it unlawful to take or capture oysters with a scoop or drag, and to inflict the penalty of forfeiture upon the vessel employed in this pursuit.

Likewise, if the boats and motors involved herein were being used in a manner detrimental to the interest of the public, it is within the power of the legislature or Game and Fresh Water Fish

Commission to declare such property to be a nuisance and authorize its destruction or forfeiture. Not the courts.

It has not been made to appear that the term *"fishing device"* has been judicially, or by legislative enactment, determined to include boats and outboard motors. Such property being capable of lawful use, and not having been declared by statute to be a nuisance, may not be summarily forfeited by the court.

The order appealed from, as it declares a forfeiture of—

1 14 foot plywood boat
1 12 foot cypress boat
1 14 foot Gillis plywood boat
1 30 HP Johnson Outboard Motor,
    Serial No. 1397061—Model RBE 18 E

is in error and as to such property, the cause is reversed with directions to deliver possession thereof to the appellants.

The order of confiscation as it deals with "approximately 600 yards of Haul Seine" is hereby affirmed.

Reversed in part and affirmed in part.