**ELLER MEDIA COMPANY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 2–00–201–CV.**

Court of Appeals of Texas,
Fort Worth.

June 21, 2001.

Settle & Pou, P.C., and J. Allen Smith and Scott J. Conrad, Dallas, Attorneys for Appellant.

John Cornyn, Attorney General of Texas, Andy Taylor, First Asst. A.G., Jeffrey S. Boyd, Deputy A.G. for Litigation, Grady Click, Asst. A.G. and Chief, Transportation Division, Susan Desmarais Bonnen, Asst. A.G., and Jack McGaffey, Asst. A.G., Austin, Attorneys for Appellee.

PANEL A: CAYCE, C.J.; DAY and WALKER, JJ.

## OPINION

CAYCE, Chief Justice.

This appeal arises from an eminent domain case in which the trial court dismissed a condemnation suit on the State's motion for nonsuit and dismissal. In five issues, Eller Media Company complains that the district court erred by failing to award expenses as required under section 21.0195 of the property code. We agree and will reverse and render, in part, and affirm, in part.

The State of Texas, acting on behalf of the Texas Department of Transportation

("the DOT"), filed a petition for condemnation in the 141st Judicial District Court of Tarrant County, Texas, seeking to condemn certain property interests in Tarrant County held by Eller Media Company ("Eller"), Dr. and Mrs. Valentin Gracia, and the City of Fort Worth. Eller owns a billboard located on the property that the DOT sought to condemn. The district court appointed a panel of special commissioners to assess the property owners' damages arising from the condemnation of their property interests. *See* TEX. PROP. CODE ANN. § 21.014 (Vernon 1984). After a hearing, the special commissioners assessed $15,000 in damages to Eller. The DOT subsequently moved to nonsuit the defendants, without prejudice, so that it could refile in a county court at law.[1]

The district court conducted a hearing on the DOT's motion for nonsuit. At the hearing, Eller sought to recover the expenses it incurred in connection with the condemnation proceeding and presented evidence of its expenses, including reasonable and necessary attorney's fees. The district court dismissed the case, but did not award any expenses or attorney's fees to Eller.

Eller complains that the trial court erred in failing to award expenses to the property owners because section 21.0195 of the property code requires an allowance of expenses when the district court enters a nonsuit on the DOT's motion. The DOT urges, however, that the district court did not have jurisdiction over the case and, therefore, had no power to award expenses.

Section 21.001 of the property code entitled "Concurrent Jurisdiction" provides that "[d]istrict courts and county courts at law have concurrent jurisdiction in emi-

nent domain cases." *Id.* § 21.001. Section 21.013 of the code entitled *"Venue;* Fees and Processing for Suit Filed in District Court," provides in relevant part:

(a) The *venue* of a condemnation proceeding is the county in which the owner of the property being condemned resides if the owner resides in a county in which part of the property is located. Otherwise, the *venue* of a condemnation proceeding is any county in which at least part of the property is located.

(b) Except where otherwise provided by law, *a party initiating a condemnation proceeding in a county in which there is one or more county courts at law with jurisdiction shall file the petition with any clerk authorized to handle such filings for that court or courts.*

(c) A party initiating a condemnation proceeding in a county in which there is not a county court at law must file the condemnation petition with the district clerk.

*Id.* § 21.013(a)-(c) (emphases supplied).

■■■■ In construing a statute, our primary objective is to give effect to the legislature's intent by considering the plain meaning of the enactment. TEX. GOV'T CODE ANN. §§ 311.023, 312.002, 312.005 (Vernon 1998); *Kroger Co. v. Keng,* 23 S.W.3d 347, 349 (Tex.2000); *Mitchell Energy Corp. v. Ashworth,* 943 S.W.2d 436, 438 (Tex.1997) (orig. proceeding). Furthermore, we must construe the statute in a way that gives effect to all provisions and we do not view disputed portions of the statute in isolation. TEX. GOV'T CODE ANN. § 311.021(2); *Tex. Workers' Comp. Ins. Fund v. Del Indus., Inc.,* 35 S.W.3d 591, 593 (Tex.2000); *Univ. of Tex. at Arlington v. Bishop,* 997 S.W.2d 350, 353 (Tex.App.—Fort Worth 1999, pet. denied). "[I]t is settled that every word in a statute is

---

1. It is undisputed that under section 21.013 of the property code, the DOT should have filed this condemnation suit in a county court at law and not the district court of Tarrant County. *See* TEX. PROP.CODE ANN. § 21.013(b) (Vernon Supp.2001).

presumed to have been used for a purpose; and a cardinal rule of statutory construction is that each sentence, clause and word is to be given effect if reasonable and possible." *Del Indus.*, 35 S.W.3d at 593 (quoting *Perkins v. State*, 367 S.W.2d 140, 146 (Tex.1963)).

Applying these rules of statutory construction to property code sections 21.001 and 21.013, we conclude that the district court in this case had concurrent subject matter jurisdiction with the Tarrant County courts at law over the DOT's condemnation suit. The filing of the proceeding with the district clerk was procedural error, however, because Tarrant County is "a county in which there is one or more county courts at law," and in such cases, section 21.013(b) requires that the proceeding be filed with the clerk "authorized to handle such filings for that court or courts." TEX. PROP.CODE ANN. § 21.013(b). Therefore, the district court correctly dismissed the proceeding to permit the DOT to refile it with the county clerk.

Because, however, the district court possessed subject matter jurisdiction over the DOT's condemnation suit, the court was required to follow the provisions governing the suit's dismissal in section 21.0195(c). This section states, in relevant part:

> (c) If a court dismisses a condemnation proceeding on the motion of the [DOT] or as a result of the failure of the department to bring the proceeding properly, *the court shall make an allowance to the property owner* for the value of the department's use of the property while in possession of the property, any damage that the condemnation has caused to the property owner, and *any expenses the property owner has incurred in connection with the condemnation, including reasonable and necessary fees for attorneys.*

*Id.* § 21.0195(c) (Vernon Supp.2001) (emphases supplied).

The language of section 21.0195(c) is mandatory. *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex.1998) (holding that when statute provides party "may recover," "shall be awarded," or "is entitled to" attorney's fees, award of fees is mandatory). The district court, therefore, had no discretion to refuse to award Eller its reasonable and necessary attorney's fees, if properly requested and proven.

The amount of an award of attorney's fees generally rests in the sound discretion of the trial court. *World Help v. Leisure Lifestyles, Inc.*, 977 S.W.2d 662, 683 (Tex.App.—Fort Worth 1998, pet. denied). When, however, trial counsel provides testimony concerning attorney's fees that is clear, positive, and direct, and not contradicted by any other witness or attendant circumstances, that testimony is taken as true as a matter of law. *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex.1990); *Clary Corp. v. Smith*, 949 S.W.2d 452, 469 (Tex.App.—Fort Worth 1997, pet. denied); *World Help*, 977 S.W.2d at 684. This is especially true where the opposing party had the means and opportunity of disproving the testimony, if it were not true, and failed to do so. *Clary*, 949 S.W.2d at 469; *World Help*, 977 S.W.2d at 684.

At the hearing on the DOT's motion for nonsuit and dismissal, Eller offered testimony of the attorney's fees it incurred as a result of the dismissed condemnation proceeding. Eller's attorney, J. Allen Smith, testified that his reasonable and necessary attorney's fees for the condemnation case up until the date of the hearing were $14,486.37. Mr. Smith also testified on the number of hours his firm had dedicated to this case, the hourly rates of the persons who worked on the matter, and his experience in similar matters.

The DOT did not controvert Mr. Smith's testimony.

Because Mr. Smith's testimony is clear, positive, direct, and uncontroverted, we take it as true as a matter of law. We, therefore, hold that Eller was entitled to recover attorney's fees in the amount of $14,486.37.

We sustain each of Eller's issues on appeal and render the judgment that the trial court should have rendered. *See* TEX. R.APP. P. 43.3; *see also City of Dallas v. GTE Southwest, Inc.*, 980 S.W.2d 928, 939 (Tex.App.—Fort Worth 1998, pet. denied). Accordingly, the trial court's order of nonsuit and dismissal is reversed, in part, and judgment is rendered awarding Eller the amount of $14,486.37 for its reasonable and necessary attorney's fees. The remainder of the order dismissing the DOT's suit without prejudice to the DOT to refile the same is affirmed.