Michael L. HOPE f/k/a Michael L. Baumgartner, Independent Executor of the Estate of Dorothy Dolores Baumgartner, Deceased, Appellant,

v.

Dennis L. BAUMGARTNER, Appellee.

No. 2–02–379–CV.

Court of Appeals of Texas, Fort Worth.

June 26, 2003.

Kelsey, Kelsey, & Collister, Richard H. Kelsey, John E. Kelsey, Lawrence C. Collister, Dallas, for Appellant.

Hartnett Law Firm, James J. Hartnett, Jr., Fred Hartnett, Dallas, for Appellee.

PANEL A: CAYCE, C.J.; DAY and HOLMAN, JJ.

## OPINION

SAM J. DAY, Justice.

Appellant Michael L. Hope f/k/a Michael L. Baumgartner, Independent Executor of the Estate of Dorothy Dolores Baumgartner, appeals from the probate court's order designating the award of attorney's fees to appellee Dennis L. Baumgartner, an unsuccessful will contestant, as a Class 2 claim under section 322 of the probate code. TEX. PROB.CODE ANN. § 322 (Vernon 2003). The sole issue in this appeal is whether attorney's fees awarded to an unsuccessful will contestant should be classified as a Class 2 or a Class 8 claim under section 322 of the probate code.[1] *Id.* We reverse and render.

Michael is the executor of the 1995 will of Dorothy Dolores Baumgartner that was admitted to probate. Dennis was not named a beneficiary under the 1995 will, but was named a beneficiary under Do- lores's 1972 will that was denied probate. Dennis has never acted in an official capacity for the estate. When the 1995 will was admitted to probate, Dennis challenged Dolores's testamentary capacity to execute that subsequent will and argued that undue influence was exerted on her to sign the will. The issues were tried before a jury, and the jury found the issues in Dennis's favor. In an appeal to this court, we reversed the jury's findings that Dolores lacked testamentary capacity and that undue influence was exerted and rendered judgment that the 1995 will was valid. *See Michael L. Baumgartner, Individually, as Independent Ex'r of the Estate of Dorothy Dolores Baumgartner, and as Tr. of the Dorothy Dolores Baumgartner Trust v. Baumgartner,* No. 2–98–138–CV, slip op. at 17–18 (Tex.App.-Fort Worth Aug. 19, 1999, pet. denied) (not designated for publication). We upheld, however, the probate court's $91,000 award of attorney's fees to Dennis under section 243 of the probate code, even though he was unsuccessful on appeal in defending the jury's findings of lack of testamentary capacity and undue influence.[2] *Id.* Although we ruled that the attorney's fees should be paid from the estate of Dorothy Dolores Baumgartner, we did not classify the award under section 322 of the probate code. *Id.* at 16–17. We reversed in part and rendered judgment that the 1995 will was valid.

After mandate issued, Michael, in an attempt to complete a final accounting and to close and distribute the estate, classified the various claims on the estate for payment, classifying the award of attorney's fees to Dennis as a Class 8 claim. He also filed an original petition for determination

---

1. Neither party disputes that the other six classifications under section 322 are inapplicable.

2. The attorney's fees incurred by Dennis are a result of his unsuccessful attempt to overturn the 1995 will admitted to probate and to reinstate the 1972 will.

of claim classification, seeking a judicial confirmation of his classification. Dennis filed an answer disputing the classification. Following a hearing on the petition, the probate court entered an order reclassifying Dennis's award of attorney's fees as a Class 2 claim. Michael appeals from that order, arguing that the trial court erred in reclassifying the attorney's fees as a Class 2 claim.

Section 322 of the probate code states:

Claims against an estate of a decedent shall be classified and have priority of payment, as follows:

. . . .

Class 2. Expenses of administration and expenses incurred in the preservation, safekeeping, and management of the estate.

. . . .

Class 8. All other claims.

TEX. PROB.CODE ANN. § 322; *see also id.* § 320 (stating that personal representative of estate shall pay "[e]xpenses of administration and expenses incurred in the preservation, safekeeping, and management of the estate" before payment of "other claims against the estate"). Under section 243 of the probate code:

When any person designated as executor in a will or an alleged will, or as administrator with the will or alleged will annexed, defends it or prosecutes any proceeding in good faith, and with just cause, for the purpose of having the will or alleged will admitted to probate, whether successful or not, he shall be allowed out of the estate his necessary expenses and disbursements, including reasonable attorney's fees, in such proceedings. When any person designated as a devisee, legatee, or beneficiary in a will or an alleged will, or as administrator with the will or alleged will annexed, defends it or prosecutes any proceeding in good faith, and with just cause, for

the purpose of having the will or alleged will admitted to probate, whether successful or not, he may be allowed out of the estate his necessary expenses and disbursements, including reasonable attorney's fees, in such proceedings.

*Id.* § 243.

Under section 243, Dennis meets the criteria of a "person designated as a devisee, legatee, or beneficiary in a will or an alleged will" who sought to have an alleged will admitted to probate, but was not successful. *Id.* He is not an "executor" or an "administrator." *Id.* Thus, under section 243, Dennis *"may* be allowed out of the estate" his reasonable attorney's fees. *Id.* (emphasis added). The question at issue is whether his attorney's fees were "[e]xpenses of administration and expenses incurred in the preservation, safekeeping, and ' management of the estate." *Id.* § 322. Section 243 does not state whether an award of attorney's fees to an unsuccessful beneficiary is a Class 2 or Class 8 claim, and, until now, no court has done so either.

■ The construction or interpretation of a statute by a trial court is a question of law subject to de novo review. *Johnson v. City of Fort Worth,* 774 S.W.2d 653, 656 (Tex.1989); *State Farm Lloyds v. Kessler,* 932 S.W.2d 732, 735 (Tex.App.- Fort Worth 1996, writ denied). In construing a statute, the primary objective is to give effect to the legislature's intent by considering the plain meaning of the enactment. *Eller Media Co. v. State,* 51 S.W.3d 783, 785 (Tex.App.-Fort Worth 2001, no pet.). Toward that goal, we will read and construe "[w]ords and phrases . . . according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 1998). We presume that the entire statute is intended to be effective and

that a just and reasonable result, feasible of execution, is intended. *Id.* § 311.021.

■ Typically, it is the duty of an executor to administer an estate for the benefit of the beneficiaries. *Trostle v. Trostle,* 77 S.W.3d 908, 914 (Tex.App.-Amarillo 2002, no pet.); *see also Lang v. Shell Petroleum Corp.,* 138 Tex. 399, 159 S.W.2d 478, 482 (1942) ("[A]n executor named in a will has authority to present same for probate."). In administering the estate, the executor may incur expenses such as attorney's fees, which are reimbursable as a Class 2 claim. *See Lang,* 159 S.W.2d at 482 ("A reasonable attorney's fee is classed as an expense of administration, and the independent executor named in a will has a legal right to employ attorneys to represent him in the probate of the will which constituted him such executor."); *Pendleton v. Hare,* 231 S.W. 334, 336 (Tex.Comm'n App. 1921, judgm't adopted) (holding where the executor has acted in good faith in employing an attorney in proceedings to probate the will, and the will is established, the estate can charge reasonable attorney's fees as expenses of administration and as expenses incurred in the preservation, safekeeping, and management of the estate).

■ Dennis's attorney's fees, however, were incurred to achieve an outcome favorable to him, a beneficiary. They were not "[e]xpenses of administration and expenses incurred in the preservation, safekeeping, and management of the estate." Tex. Prob.Code Ann. § 322. Because the 1995 will was valid and the 1972 will was revoked, Dennis's challenge to the 1995 will was a challenge to the administration of the estate pursuant to a valid will, resulting in a burden to the estate and not preservation of it. *Cf. Barrett v. Parchman,* 675 S.W.2d 289, 292–93 (Tex.App.-Dallas 1984, no writ) (stating that temporary administrator's "attempt to impose a constructive trust was not undertaken to preserve the assets of the estate, but rather to determine the proper distribution of those assets"; because such action was "undertaken in her own interest as a potential distributee rather than for the benefit of the estate[,][s]he should not be permitted to recover her expenses for that proceeding from the estate so as to shift their burden to the adverse party, who was successful in resisting that attempt"). Thus, the attorney's fees incurred to pursue that challenge do not meet the definition of a Class 2 claim. As Dennis's attorney stated at the hearing on the issue, "Will contest isn't the preservation of the estate assets. It's the dissipation of the estate assets.... Will contest just deals with who's ultimately going to get the money at the end of the day, not assembling and managing the estate." Accordingly, we hold the probate court erred in designating the award of $91,000 in attorney's fees to Dennis as a Class 2 claim. As a result, Dennis's attorney's fees are a Class 8 claim by default. We sustain Michael's sole issue.

Having sustained Michael's sole issue on appeal, we reverse the probate court's order determining claim classification and render judgment that the attorney's fee claim of Dennis L. Baumgartner and the Hartnett Law Firm is classified as a Class 8 claim.