MICHAEL L. HOPE F/K/A MICHAEL BAUMGARTNER, INDEPENDENT EXECUTOR OF THE
ESTATE OF DOROTHY DOLORES BAUMGARTNER, DECEASED V. DENNIS L. BAUMGARTNER






COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-379-CV
 
MICHAEL L. HOPE F/K/A MICHAEL L.
                                                     APPELLANT
BAUMGARTNER, INDEPENDENT
EXECUTOR OF THE ESTATE OF
DORTHORY DOLORES
BAUMGARTNER, DECEASED
V.
DENNIS L. BAUMGARTNER
                                                                    
APPELLEE
------------
FROM THE PROBATE COURT OF DENTON COUNTY
------------
OPINION
------------
Appellant Michael L. Hope f/k/a Michael L. Baumgartner, Independent Executor
of the Estate of Dorothy Dolores Baumgartner, appeals from the probate court's
order designating the award of attorney's fees to appellee Dennis L.
Baumgartner, an unsuccessful will contestant, as a Class 2 claim under section
322 of the probate code. Tex. Prob. Code Ann. § 322 (Vernon 2003). The sole
issue in this appeal is whether attorney's fees awarded to an unsuccessful will
contestant should be classified as a Class 2 or a Class 8 claim under section
322 of the probate code.(1)  Id. 
We reverse and render.
Michael is the executor of the 1995 will of Dorothy Dolores Baumgartner that
was admitted to probate. Dennis was not named a beneficiary under the 1995 will,
but was named a beneficiary under Dolores's 1972 will that was denied probate.
Dennis has never acted in an official capacity for the estate. When the 1995
will was admitted to probate, Dennis challenged Dolores's testamentary capacity
to execute that subsequent will and argued that undue influence was exerted on
her to sign the will. The issues were tried before a jury, and the jury found
the issues in Dennis's favor. In an appeal to this court, we reversed the jury's
findings that Dolores lacked testamentary capacity and that undue influence was
exerted and rendered judgment that the 1995 will was valid. See Michael L.
Baumgartner, Individually, as Independent Executor of the Estate of Dorothy
Dolores Baumgartner, and as Trustee of the Dorothy Dolores Baumgartner Trust v.
Dennis L. Baumgartner, No. 2-98-138-CV, slip op. at 17-18 (Tex. App.--Fort
Worth Aug. 19, 1999, pet. denied) (not designated for publication).  We
upheld, however, the probate court's $91,000 award of attorney's fees to Dennis
under section 243 of the probate code, even though he was unsuccessful on appeal
in defending the jury's findings of lack of testamentary capacity and undue
influence.(2)  Id. Although we
ruled that the attorney's fees should be paid from the estate of Dorothy Dolores
Baumgartner, we did not classify the award under section 322 of the probate
code.  Id. at 16-17. We reversed in part and rendered
judgment that the 1995 will was valid.
After mandate issued, Michael, in an attempt to complete a final accounting
and to close and distribute the estate, classified the various claims on the
estate for payment, classifying the award of attorney's fees to Dennis as a
Class 8 claim. He also filed an original petition for determination of claim
classification, seeking a judicial confirmation of his classification. 
Dennis filed an answer disputing the classification.  Following a hearing
on the petition, the probate court entered an order reclassifying Dennis's award
of attorney's fees as a Class 2 claim.  Michael appeals from that order,
arguing that the trial court erred in reclassifying the attorney's fees as a
Class 2 claim.
Section 322 of the probate code states:

         Claims against an estate of a
 decedent shall be classified and have priority of payment, as follows:
 . . . .
 
 Class 2. Expenses of administration and expenses incurred in the
 preservation, safekeeping, and management of the estate.
 . . . .
 Class 8. All other claims.
 

Tex. Prob. Code Ann. § 322; see also id. § 320 (stating that
personal representative of estate shall pay "[e]xpenses of administration
and expenses incurred in the preservation, safekeeping, and management of the
estate" before payment of "other claims against the estate").
Under section 243 of the probate code:

         When any person designated as
 executor in a will or an alleged will, or as administrator with the will or
 alleged will annexed, defends it or prosecutes any proceeding in good faith,
 and with just cause, for the purpose of having the will or alleged will
 admitted to probate, whether successful or not, he shall be allowed out of the
 estate his necessary expenses and disbursements, including reasonable
 attorney's fees, in such proceedings. When any person designated as a devisee,
 legatee, or beneficiary in a will or an alleged will, or as administrator with
 the will or alleged will annexed, defends it or prosecutes any proceeding in
 good faith, and with just cause, for the purpose of having the will or alleged
 will admitted to probate, whether successful or not, he may be allowed out of
 the estate his necessary expenses and disbursements, including reasonable
 attorney's fees, in such proceedings.

Id. § 243.
Under section 243, Dennis meets the criteria of a "person designated as
a devisee, legatee, or beneficiary in a will or an alleged will" who sought
to have an alleged will admitted to probate, but was not successful. Id.
He is not an "executor" or an "administrator." Id.
Thus, under section 243, Dennis "maybe allowed out the
estate" his reasonable attorney's fees. Id. (emphasis added). The
question at issue is whether his attorney's fees were "[e]xpenses of
administration and expenses incurred in the preservation, safekeeping, and
management of the estate." Id. § 322. Section 243 does not state
whether an award of attorney's fees to an unsuccessful beneficiary is a Class 2
or Class 8 claim, and, until now, no court has done so either.
The construction or interpretation of a statute by a trial court is a
question of law subject to de novo review. Johnson v. City of Fort Worth,
774 S.W.2d 653, 656 (Tex. 1989); State Farm Lloyds v. Kessler, 932
S.W.2d 732, 735 (Tex. App.--Fort Worth 1996, writ denied). In construing a
statute, the primary objective is to give effect to the legislature's intent by
considering the plain meaning of the enactment. Eller Media Co. v. State,
51 S.W.3d 783, 785 (Tex. App.--Fort Worth 2001, no pet.). Toward that goal, we
will read and construe "[w]ords and phrases . . . according to the rules of
grammar and common usage." Tex. Gov't Code Ann. § 311.011(a) (Vernon
1998). We presume that the entire statute is intended to be effective and that a
just and reasonable result, feasible of execution, is intended. Id. §
311.021.
Typically, it is the duty of an executor to administer an estate for the
benefit of the beneficiaries. Trostle v. Trostle, 77 S.W.3d 908, 914
(Tex. App.--Amarillo 2002, no pet.); see also Lang v. Shell
Petroleum Corp., 138 Tex. 399, 158 S.W.2d 478, 482 (1942) ("[A]n
executor named in a will has authority to present same for probate."). In
administering the estate, the executor may incur expenses such as attorney's
fees, which are reimbursable as a Class 2 claim. See Lang, 158 S.W.2d
at 482 ("A reasonable attorney's fee is classed as an expense of
administration, and the independent executor named in a will has a legal right
to employ attorneys to represent him in the probate of the will which
constituted him such executor."); Pendleton v. Hare, 231 S.W. 334,
336 (Tex. Comm'n. App. 1921, judgm't adopted) (holding where the executor has
acted in good faith in employing an attorney in proceedings to probate the will,
and the will is established, the estate can charge reasonable attorney's fees as
expenses of administration and as expenses incurred in the preservation,
safekeeping, and management of the estate).
Dennis's attorney's fees, however, were incurred to achieve an outcome
favorable to him, a beneficiary. They were not "[e]xpenses of
administration and expenses incurred in the preservation, safekeeping, and
management of the estate." Tex. Prob. Code Ann. § 322. Because the 1995
will was valid and the 1972 will was revoked, Dennis's challenge to the 1995
will was a challenge to the administration of the estate pursuant to a valid
will, resulting in a burden to the estate and not preservation of it. Cf.
Barrett v. Parchman, 675 S.W.2d 289, 292-93 (Tex. App.--Dallas 1984, no
writ) (stating that temporary administrator's "attempt to impose a
constructive trust was not undertaken to preserve the assets of the estate, but
rather to determine the proper distribution of those assets"; because such
action was "undertaken in her own interest as a potential distributee
rather than for the benefit of the estate[,] [s]he should not be permitted to
recover her expenses for that proceeding from the estate so as to shift their
burden to the adverse party, who was successful in resisting that
attempt"). Thus, the attorney's fees incurred to pursue that challenge do
not meet the definition of a Class 2 claim. As Dennis's attorney stated at the
hearing on the issue, "Will contest isn't the preservation of the estate
assets. It's the dissipation of the estate assets. . . . Will contest just deals
with who's ultimately going to get the money at the end of the day, not
assembling and managing the estate." Accordingly, we hold the probate court
erred in designating the award of $91,000 in attorney's fees to Dennis as a
Class 2 claim. As a result, Dennis's attorney's fees are a Class 8 claim by
default. We sustain Michael's sole issue.
Having sustained Michael's sole issue on appeal, we reverse the probate
court's order determining claim classification and render judgment that the
attorney's fee claim of Dennis L. Baumgartner and the Hartnett Law Firm is
classified as a Class 8 claim.
 
                                                           
SAM J. DAY
                                                           
JUSTICE

PANEL A: CAYCE, C.J.; DAY and HOLMAN, JJ.
DELIVERED: June 26, 2003

1. Neither party disputes that the other six
classifications under section 322 are inapplicable.
2. The attorney's fees incurred by Dennis are a result of
his unsuccessful attempt to overturn the 1995 will admitted to probate and to
reinstate the 1972 will.