WILKINSON, Circuit Judge,
concurring:
Surratt has received the relief from life imprisonment he was seeking in this case and more. He is also no longer serving a judicially imposed sentence, but a presi-dentially commuted one. The President’s commutation order simply closes the judicial door. Absent some constitutional infirmity in the commutation order, which is not present here, we may not readjust or rescind what the President, in the exercise of his pardon power, has done.
It matters not whether we believe the commutation was too lenient or not lenient enough. We are simply without power to inject ourselves into the lawful act of a coordinate branch of government — one that Surratt willingly agreed to — and supersede a presidential pardon or commuta *220 tion with a contravening order of our own. After all, “[i]t would be a curious logic to allow a convicted person who petitions for mercy to retain the full benefit of a lesser punishment with conditions, yet escape burdens readily assumed in accepting the commutation which he sought.” Schick v. Reed, 419 U.S. 256, 267, 95 S.Ct. 379, 42 L.Ed.2d 430 (1974). Surratt “cannot complain if the law executes the choice he has made,” id. at 265, 95 S.Ct. 379 (quoting Ex parte Wells, 59 U.S. 18 How. 307, 315, 15 L.Ed. 421 (1855)), even if my dissenting colleague thinks he made a “bad bargain” by accepting the commuted sentence, id. at 259, 95 S.Ct. 379.
My dissenting colleague’s unwillingness to find moot even this clear-cut a case points to a broader problem affecting our criminal justice system. Insofar as I can detect, there is no such thing as finality in my dissenting colleague’s view. Indeed, the principle of finality is not even paid the lip service that presages disregard. Some reason is somehow always found for a case to go on and on and on. To so freely revisit final judgments, as my dissenting colleague would, is to embark on a course that is so vague and so open-ended as to render criminal judgments entirely provisional and good for one day only.
While my dissenting colleague alleges that Surratt’s initial sentence was “unlawful,” it was indisputably lawful when entered and the correctness of the sentence has divided judges ever since. Let it be said that strict sentences always make for hard cases. It is not for pleasure that the system imposes them. But Surratt had been convicted time and time again for drug-related offenses — including distributional felonies — under federal and state law. The President had every right to calibrate his commutation with these considerations in mind, bringing this saga to an end, both merciful and firm.