ACCEPTED
01-15-00001-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/18/2015 4:20:38 PM
CHRISTOPHER PRINE
CLERK

### NO. 01-15-00001-CV

---

### IN THE FIRST COURT OF APPEALS AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
5/18/2015 4:20:38 PM
CHRISTOPHER A. PRINE
Clerk

---

## PAPPAS RESTAURANTS, INC., and PAPPAS BAR-B-Q, Inc.,
Appellants,

## V.

## THE STATE OF TEXAS,
Appellee

---

On Appeal from the County Court at Law Number 4 of Harris County, Texas;
Cause No. 1043062; The Honorable Roberta Lloyd, Presiding

---

## BRIEF OF APPELLEE STATE OF TEXAS

---

KEN PAXTON
ATTORNEY GENERAL OF TEXAS

CHARLES E. ROY
FIRST ASSISTANT ATTORNEY
GENERAL

JAMES E. DAVIS
DEPUTY ATTORNEY GENERAL
FOR CIVIL LITIGATION

RANDALL K. HILL
ASSISTANT ATTORNEY GENERAL
CHIEF, TRANSPORTATION
DIVISION

CRISTINA VUDHIWAT
State Bar No. 24056479
Assistant Attorney General
P. O. Box 12548
Austin, Texas 78711-2548
Telephone:(512) 463-2004
Facsimile:(512) 472-3855
Email:
Cristina.Vudhiwat@texasattorney
general.gov

ATTORNEYS FOR APPELLEE
THE STATE OF TEXAS

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS..................................................................................... ii

INDEX OF AUTHORITIES..............................................................................v

RECORD REFERENCES ............................................................................. viii

STATEMENT OF THE CASE..........................................................................ix

ISSUES PRESENTED.......................................................................................x

      I.        Whether the Property Code or Rules of Civil Procedure control in eminent domain proceedings.

      II.      Whether all requirements in the Property Code were followed.

      II.      Whether the court correctly entered a Judgment in Absence of Objection and denied a Motion for New Trial where Defendants failed to file timely objections.

STATEMENT OF FACTS ...................................................................................1

A.        Administrative proceedings...................................................................1

B.        Defendants' filings ................................................................................3

C.        Judgment ...............................................................................................4

D.        Motion for New Trial ............................................................................4

SUMMARY OF ARGUMENT ..........................................................................7

ARGUMENT .....................................................................................................8

A.      The State does not contest the Court of Appeals' jurisdiction. ........................8

B.      All Property Code administrative procedures were followed... ......................8

1. The Property Code trumps the Rules of Civil Procedure in specific statutes. ...................................8

2. All Property Code notice requirements were met. ..............................12

    a. The requirements of Texas Property Code § 21.016 were met. ........................................12

    b. Defendant's withdrawal of the award precludes a right to take challenge. ...................................13

    c. The requirements of Texas Property Code § 21.049 were met. ........................................15

    d. The requirements of Texas Property Code § 21.061 were met. ........................................18

C. The trial court correctly entered a Judgment In Absence of Objection because Defendants failed to file timely objections. ....................................19

1. Defendant's Notice of Appearance of Substitute Counsel is not objections. ..............................................19

2. Defendant's late objections do not "relate back to" or "amend" its previous Notice of Appearance of Substitute Counsel. ......................24

3. Tolling does not apply. ..........................................24

PRAYER ...............................................................26

CERTIFICATE OF COMPLIANCE ........................................28

CERTIFICATE OF SERVICE ...........................................29

APPENDIX

Texas Gov't Code § 311.026 ...............................APPENDIX A

Tex. Prop. Code § 21.011 ....................................................... APPENDIX B

Tex. Prop. Code § 21.016 ....................................................... APPENDIX C

Tex. Prop. Code § 21.018 ....................................................... APPENDIX D

Tex. Prop. Code § 21.0195 ..................................................... APPENDIX E

Tex. Prop. Code § 21.048 .......................................................APPENDIX F

Tex. Prop. Code § 21.049 ......................................................APPENDIX G

Tex. Prop. Code § 21.061 ...................................................... APPENDIX H

Tex. R. Civ. P. 8.................................................................... APPENDIX I

Tex. R. Civ. P. 21.................................................................. APPENDIX J

Tex. R. Civ. P. 121...............................................................APPENDIX K

Tex. Tax Code § 34.04........................................................... APPENDIX L

# INDEX OF AUTHORITIES

**Cases**            **Page**

*Amason v. Natural Gas Pipeline Co.*,
     682 S.W.2d 240 (Tex. 1984) ...................................................................8, 9

*American Tel. & Tel. Co. v. Peurifoy,*
     242 S.W.2d 233 (Tex. Civ. App.—Dallas 1951, no writ)............................20

*Balios v. Tex. Dep't of Pub. Safety*,
     733 S.W.2d 308 (Tex. App.—Amarillo 1987, writ ref'd)........................9, 10

*Bill Miller Bar-B-Q Enters., Ltd., v. VIA Metro. Transit Auth.*,
     No. 04-13-00855-CV, 2014 WL 5352344
     (Tex. App.—San Antonio Oct. 22, 2014, no pet.) (mem. op.) .....................11

*City of Hous. v. Huber*,
     311 S.W.2d 488 (Tex. Civ. App.—Houston
     [14th Dist.] 1958, no writ)...........................................................................21

*City of Lorena v. BMPT Holdings, L.P.,*
     409 S.W.3d 634 (Tex. 2013) .................................................................16, 17

*City of San Antonio v. Grandjean,*
     41 S.W. 477 (Tex. 1897) .............................................................................14

*Eller Media Co. v. State,*
     51 S.W.3d 783 (Tex. App.—Fort Worth 2001, no pet.) ........................22, 23

*Fitzgerald v. City of Dall.*,
     34 S.W.2d 682 (Tex. Civ. App.—Dallas 1930, writ ref'd)..........................21

*Heritage on San Gabriel Homeowners Ass'n v. Tex. Comm'n on Envtl. Quality,*
     393 S.W.3d 417 (Tex. App.—Austin 2012, pet. denied)..............................17

*Hopkins v. State*, No. 03-07-00253-CV,
     2009 WL 3806160 (Tex. App.—Austin
     Nov. 13, 2009, no pet.) (mem. op.) .............................................................24

*John v. State*,
826 S.W.2d 138 (Tex. 1992) .......................................................................9, 25

*Luby v. City of Dall.*,
396 S.W.2d 192 (Tex. Civ. App.—Dallas 1965, writ ref'd n.r.e.)..........14, 15

*Morin v. Boecker*,
122 S.W.3d 911 (Tex. App.—Corpus Christi 2003, no pet.)..................12, 25

*Oncor Elec. Delivery Co., LLC v. Brockriede*, No. 02-13-00071-CV,
2013 WL 6564276 (Tex. App.—Fort Worth
Dec. 12, 2013, no pet.) (mem. op.).......................................10, 11, 12, 16, 18

*Oncor Elec. Delivery Co. LLC v. Schunke*, No. 04-13-00067-CV,
2013 WL 6672494 (Tex. App.—San Antonio
Dec. 18, 2013, pet. dism'd by agr.) (mem. op.) ...........................................25

*Pearson v. State*,
315 S.W.2d 935 (Tex. 1958) .......................................................................8, 9

*Religious of the Sacred Heart of Tex. v. City of Hous.*,
836 S.W.2d 606 (Tex. 1984) .........................................................................14

*State v. Bristol Hotel Asset Co.*,
65 S.W.3d 638 (Tex. 2001) ..................................................................9, 13, 25

*State v. Garland*,
936 S.W.2d 95 (Tex. App.—Austin 1998, pet. denied)..................................8

*Sinclair v. City of Center*,
107 S.W.2d 921 (Tex. Civ. App.—Beaumont 1937, writ ref'd)...................24

*State v. Gracia,*
56 S.W.3d 196 (Tex. App.—Fort Worth 2001, no pet.) .............................22

*Spradlin v. Jim Walter Homes, Inc.*,
34 S.W.3d 578 (Tex. 2000) ...........................................................................17

*State v. Jackson,*
     388 S.W.2d 924 (Tex. 1965) ..............................................................14

*Tejas Gas Corp. v. Herrin,*
     716 S.W.2d 45 (Tex. 1986) ...............................................................14

*Thompson v. Martin Cnty.,*
     247 S.W.2d 585 (Tex. Civ. App.—El Paso 1952, writ dism'd)....................21

**Constitutional Provisions, Statutes, and Rules**

Tex. Gov't Code § 311.026 ....................................................................9

Tex. Prop. Code § 21.011 .....................................................................9

Tex. Prop. Code § 21.016 .....................................................7, 12, 13, 17

Tex. Prop. Code § 21.018 .....................................................7, 19, 20, 22, 24

Tex. Prop. Code § 21.0195 ...................................................................22, 23

Tex. Prop. Code § 21.048 ....................................................................15

Tex. Prop. Code § 21.049 ........................................ 7, 10, 11, 12, 15, 16, 17, 18, 25

Tex. Prop. Code § 21.061 ...................................................................7, 18

Tex. R. App. P. 38.1...............................................................................1

Tex. R. Civ. P. 8....................................................................................12

Tex. R. Civ. P. 21.................................................................................18

Tex. R. Civ. P. 121..............................................................................11

Tex. Tax Code § 34.04.........................................................................10, 18

# RECORD REFERENCES

Appellees use the following citation formats when referencing the record:

| Source | Citation Format |
| --- | --- |
| Clerk's Record | CR [page] |
| Supplemental Clerk's Record | SCR [page] |
| Brief of Appellants | Pappas Br. [page] |
| Appendix | App-[tab]:[page/paragraph] |
| | |

## STATEMENT OF THE CASE

*Nature of the Case:*     This is a statutory condemnation case brought by Plaintiff the State of Texas regarding property in Houston, Texas.

*Trial Court:*     The Honorable Roberta Lloyd Presiding Judge, County Civil Court at Law No. 4, Harris County, Texas.

*Trial Court Disposition:*     The trial court entered a Judgment of Court in Absence of Objection in the amount of $58,936.   CR 106–115.

## ISSUES PRESENTED

I.  Whether the Property Code or Rules of Civil Procedure control in eminent domain proceedings.

II.  Whether all requirements in the Property Code were followed.

III.  Whether the court correctly entered a Judgment in Absence of Objection and denied a Motion For New Trial where Defendants failed to file timely objections.

# STATEMENT OF FACTS[1]

## A. Administrative proceedings

On January 23, 2014, the State filed a petition for condemnation against Pappas Restaurants, Inc. (Pappas Restaurants), Pappas Bar-B-Q, Inc. (Pappas Bar-B-Q), and Northwest Crossing Association (Northwest). CR 6–15. The State sought to acquire 0.0430 acres out of a 1.737-acre tract for the expansion and improvement of US Highway 290. CR 7, 10. Special commissioners were appointed on January 30, 2014, CR 16, and on May 2, 2014, the special commissioners set a hearing for July 22, 2014, to assess damages, CR 22. The special commissioners issued notices of hearing in accordance with Texas Property Code § 21.016 to all parties, which notices were timely served. The notices and returns of service indicating that all defendants were served in person on May 9, 2014, were filed with the court on May 27, 2015. CR 42–47. Specifically, notice was served on Pappas Restaurants and Pappas Bar-B-Q through their registered agent for service, Alysia Perry, at 13939 Northwest Freeway, Houston, Texas 77040.

The special commissioners' hearing was held Tuesday, July 22, 2014. CR 22. None of the Defendants attended[2]. The award asserted in three separate

---

[1]Texas Rule of Appellate Procedure 38.1(g) provides that briefs must state the facts "without argument." Contrary to Rule 38.1, Appellants make argument throughout their Statement of Facts. *See* Pappas Br. 1–11.

[2]Defendants are not required to attend the special commissioners' hearing and many choose not to attend.

1

paragraphs that Defendants had been "duly served with Notice of Hearing," CR 50, that Defendants "were duly served with notice and notified in the manner provided by law of such hearing and the time and place thereof," CR 52, and that all parties had been duly served with Notice of Hearing, CR 52. After these affirmative findings, the special commissioners entered an award equaling the total compensation testified to by the State's appraisal expert: $58,936. CR 52. A copy of the award was filed with the court on the same day, SCR 4–16; however, due to a defect in the copy of the award,[3] it was refiled on Friday, July 25, 2014. CR 50–62. Notices were mailed in accordance with Texas Property Code § 21.049 for both filings. The clerk mailed notices for the filing on Tuesday, July 22, 2014, on Friday, July 25, 2014. CR 69–76. The clerk mailed notices for the filing on Friday, July 25, 2014, on Monday, July 28, 2014. CR 65–68, 77–84. In both cases, the clerk's notices were mailed by certified mail, return receipt requested, to Alysia Perry, registered agent for Pappas Restaurants and Pappas Bar-B-Q, at 13939 Northwest Freeway, Houston, TX 77040. *Id.* The return receipts contained in the record reflect that notices were received by Defendants on July 28 and July 29, 2014. CR 75–80. All of the notices stated that the parties had "until the first Monday

---

[3]Special commissioners routinely sign multiple copies of the award. The copy of the award originally filed lacked the signature of one of the three special commissioners. SCR 4–16. A copy of the award with all three special commissioners' signatures was refiled in its place. CR 50–62.

2

following 20 days in which to file objections to this award and make an appeal for a Jury Trial." *Id*. Defendants' deadline with regard to either filing date remained the same: Monday August 18, 2014.

## B. Defendants' filings

On February 14, 2014, attorneys Anna Sabayrac Marchand and Frank Markantonis filed a Notice of Appearance on behalf of Pappas Restaurants and Pappas Bar-B-Q, listing the attorneys' address of record as 13939 Northwest Freeway, Suite 100, Houston, TX 77040. CR 19–20. On Saturday, July 26, 2014, four days after the special commissioners executed their award and after the award had been filed and re-filed with the court, H. Dixon Montague and Don C. Griffin filed a Notice of Appearance of Substitute Counsel on behalf of Pappas Restaurants. CR 63–64. Their notice does not speak to or mention the award. It notes that they are serving the parties with notice of this filing two days later, on Monday July 28, 2014. *Id.*

No further filings were made by any Defendant until September 9, 2014, when Pappas Restaurants filed a Motion to Withdraw Deposit. CR 89–91. Pappas Bar-B-Q was not served with the motion, CR 91, nor were they served with notice that an oral hearing on this motion was set for October 1, 2014, at nine o'clock a.m. CR 87–88. The Order Withdrawing Deposit was signed by the court and filed October 1, 2014. CR 95–97. The full amount of the award plus interest was paid

3

to "Pappas Restaurants, Inc., and its attorneys, Vinson & Elkins, LLP". CR 95, 104–05. On September 26, 2014, after the August 18 deadline, Defendant Pappas Restaurants filed Objections and Exceptions of Defendant, Pappas Restaurants, Inc., to the Award of the Special Commissioners. CR 92–94. Pappas Restaurants failed to serve Pappas Bar-B-Q with notice as required by Texas Property Code § 21.018(b). CR 94.

## C. Judgment

As Defendants failed to file timely objections to the award, Texas Property Code § 21.061 instructs the judge of the court to adopt the commissioners' findings as a judgment. As is the practice, counsel for the condemnor, in this case the State, facilitated this by electronically submitting a proposed Judgment of Court in Absence of Objection on Monday, October 27, 2014. CR 106–115. The court signed the judgment on October 29, 2014. CR 108.

## D. Motion for New Trial

On Thursday, November 6, 2014, Pappas Restaurants filed a Motion for New Trial alleging that objections were timely filed and that, in the alternative, the deadline for filing objections was tolled due to failure to comply with Property Code Section 21.049. CR 130–152. An oral hearing on the motion was set for 3 business days later, Tuesday, November 11, 2014, at nine o'clock a.m. SCR 18–19. On Monday, November 10, 2014, Pappas Bar-B-Q filed a Motion for New

4

Trial, adopting the arguments set out in Pappas Restaurants' motion. CR 249–251. As Pappas Restaurants failed to comply with Harris County Civil Courts at Law Local Rule 3.3.2, which indicates that motions shall state a date of submission at least 10 days from filing, except on leave of the court, the court allowed the State to fax its written response to the court after the oral hearing by that Friday, November 14, 2014. The State timely faxed its response, CR 393–440, and Defendants filed their rebuttal November 20, 2014. CR 322–392, 393–440. On November 21, 2014, the court denied the Motion for New Trial, CR 441–442, and Pappas Restaurants and Pappas Bar-B-Q perfected this appeal. CR 443–445.

For convenience, a summary of the pertinent dates and filings described has been included here:

| 1/23/14 | Petition for Condemnation filed |
|---------|--------------------------------|
| 2/14/14 | Notice of Appearance for Pappas Restaurants and Pappas Bar-B-Q filed by Anna Sabayrac Marchand and Frank Markantonis |
| 7/22/14 | Special Commissioners' Hearing ("SCH") |
| 7/22/14 | 1st filing of SCH Award – (Tuesday) |
| 7/25/14 | 2nd filing of SCH Award– (Friday) |
| 7/25/14 | Harris County Clerk mails notice of first filing of Special Commissioners' Award |
| 7/26/14 | Notice of Appearance of Substitute Counsel for Pappas Restaurants filed by H. Dixon Montague & Don Griffin (Saturday) |
| 7/28/14 | Harris County Clerk mails notice of second filing of Special Commissioners' Award (Monday) |

| | |
|---|---|
| 8/18/14 | Deadline to file timely objections |
| 9/9/14 | Defendant Pappas Restaurants files Motion to Withdraw Award, sets hearing on motion for October 1, 2014 |
| 9/26/14 | Objection and Exceptions filed by Pappas Restaurants |
| 10/1/14 | Hearing on Defendant Pappas Restaurants' Motion to Withdraw Award – Order Granted |
| 10/27/14 | Judgment in Absence of Objection filed |
| 10/29/14 | Judgment in Absence of Objection signed |
| 11/6/14 | Motion for New Trial filed by Pappas Restaurants |
| 11/10/14 | Motion for New Trial filed by Pappas Bar-B-Q – efiled by Alysia Perry |
| 11/11/14 | Hearing on Motion for New Trial |
| 11/21/14 | Court denies Motion for New Trial |

## SUMMARY OF THE ARGUMENT

Condemnation in Texas is governed by procedures set out in the Property Code. As special, specific statutes, these procedures control over the general Rules of Civil Procedure. The State followed these statutes. It met the requirements of Section 21.016 in sending out notice of the special commissioners' hearing and filing the notices and returns of service prior to the hearing and making them available at the hearing. Even if there had been any irregularities in compliance, Defendants would be precluded from challenging the State's right to take because they withdrew the award. The State also followed the requirements of Section 21.049 in sending out notice of the special commissioners' award to the parties. The State even provided notice where Section 21.061 requires none regarding its submission of a proposed Judgment in Absence of Objection.

Objections in this case were not filed until September 26, 2014, over a month past the deadline of August 18, 2014. Pappas Restaurants' Notice of Appearance of Substitute Counsel does not meet the requirements set out in Section 21.018 for objections and Pappas Restaurants cannot back date their late objections to this previous unrelated filing. Additionally, the objection deadline is not tolled where the court clerk followed Section 21.049 and sent out proper notice.

For these reasons, the trial court properly entered a Judgment in Absence of Objection and denied Defendants' Motion for New Trial.

**ARGUMENT**

**The trial court correctly entered a Judgment in Absence of Objection where requirements of the Texas Property Code were followed and no objections were filed within the statutory time period.**

**A.     The State does not contest the Court of Appeals' jurisdiction.**

The State does not contest that the Court of Appeals has jurisdiction to determine whether or not timely objections were filed converting this case into a judicial proceeding as stated in *State v. Garland,* 936 S.W.2d 95, 98 (Tex. App.—Austin 1998, pet. denied); however, it is the State's position that once the Court correctly determines that no timely objections were filed, the Court must also find that the Court has no further jurisdiction over the appeal and that the trial court correctly entered the Judgment of Court in Absence of Objection in accordance with its ministerial duty.   *See Pearson v. State,* 315 S.W.2d 935, 937–39 (Tex. 1958).

**B.     All Property Code administrative procedures were followed.**

**1.     The Property Code trumps the Rules of Civil Procedure in specific statutes.**

Texas has a two part land condemnation scheme – an administrative phase and a separate judicial phase that begins only upon the filing of timely objections. *See Amason v. Natural Gas Pipeline Co.,* 682 S.W.2d 240, 242 (Tex. 1984); *Pearson v. State,* 315 S.W.2d 935, 936-937 (Tex. 1958).   Eminent domain proceedings are special in nature and the administrative phase is governed by Chapter 21 of the Texas

8

Property Code. *See State v. Bristol Hotel Asset Co.*, 65 S.W.3d 638, 640 (Tex. 2001); *Pearson,* 315 S.W.2d at 936. Chapter 21, Subchapter B is entitled "Procedure" and its first rule is Texas Property Code § 21.011: "Exercise of the eminent domain authority in all cases is governed by Sections 21.012 through 21.016 of this code." Moreover, Section 21.018 makes clear when the Rules of Civil Procedure take over: "If a party files an objection to the findings of the special commissioners, the court shall cite the adverse party and try the case in the same manner as other civil cases." The legislature clearly intended the specific eminent domain rules to be followed until timely objections are filed and intended those procedures listed in the Property Code to displace the Rules of Civil Procedure.

This interpretation finds support in Texas Government Code § 311.026, which holds that where there is an irreconcilable conflict between a general and special provision, the special or local provision prevails. Cases such as *State v. Bristol Hotel Asset Co.*, 65 S.W.3d 638 (Tex. 2001) and *Amason v. Natural Gas Pipeline Co.,* 682 S.W.2d 240, 242 (Tex. 1984), make clear that proceedings to condemn land are special in character and follow Chapter 21 of the Property Code. The Supreme Court spoke to Section 21.049 in *John v. State,* 826 S.W.2d 138 (Tex. 1992), stating that "as the language is clear and unambiguous, it should be enforced as written, giving its terms their usual and ordinary meaning, and without resorting to the rules of construction." *Id.* at 140 (citing *Balios v. Texas Dep't of Pub. Safety,* 733 S.W.2d

9

308, 310 (Tex. App.—Amarillo 1987, writ ref'd)).

*Oncor Elec. Delivery Co., LLC v. Brockriede,* No. 02-13-00071-CV, 2013 WL 6564276, (Tex. App.—Fort Worth Dec. 12, 2013, no pet.) (mem. op.) is directly on point. The case turned on the meaning of "or," in Section 21.049. Did the statute's language that notice be mailed "to the parties in the proceeding, or to their attorneys of record" mean that notice to a party, even where that party was represented by counsel, satisfied the notice requirement? *Id. at \*2.* In *Brockriede,* the trial court clerk was aware a party was represented by counsel, but failed to send notice to the attorney and instead sent notice to the party personally. *Id.* at \*1. The notices listed the landowners and one lessee by name, but "did not list their counsel of record." *Id. at \*1.* Condemnor's counsel, which had supplied the notices, contended that the omission was inadvertent error. *Id.* at \*1. The notice's certificate of service stated that they were sent to counsel; however, the attorney contended he never received them. *Id.* at \*1. The court rejected arguments that the Rules of Civil Procedure applied and found that, if the legislature had intended for attorneys to be served instead of the party they represented, the legislature could have included those words in the statute, as they had in Texas Tax Code § 34.04(b). *Id*. at \*3. Instead, the court found, "based on the plain language of Section 21.049, that a trial court clerk complies with the notice provision if it properly mails notice to a party only even if the trial court clerk knows that the party is represented by

counsel in the proceeding." *Id.*

In *Bill Miller Bar-B-Q Enterprises, Ltd., v. VIA Metropolitan Transit Authority*, No. 04-13-00855-CV, 2014 WL 5352344 (Tex. App.—San Antonio Oct. 22, 2014, no pet.) (mem. op.), the clerk sent notice of the award to the party's attorney's address of record, but it was later discovered this address was incorrect. Appellants argued this meant the clerk failed to comply with Section 21.049. In finding that no timely objections were filed, the court noted in part that the clerk had complied with the plain language of Section 21.049 by sending notice to the party's attorney of record at their address of record *Id.* at *1–*2.

Defendants attempt to distinguish *Brockriede* by arguing that counsel had no appearance of counsel on file. While there may have been no actual "Notice of Appearance" filed, the opinion itself calls the attorney "counsel of record," notes that the trial court clerk was aware the party was represented, and that the condemnor's attorney stated they omitted counsel's name inadvertently. *Id.* at *1. The name of party's attorney was included in the certificate of service. *Id.* A review of the Appellant's brief to the court, filed April 19, 2013, and which is available on Westlaw, reveals that attorney John Lane filed an answer for Defendant Greg Stone on May 22, 2012. Lane also appeared at the June 12, 2012, special commissioners hearing. Under Texas Rule of Civil Procedure 121, an answer is an appearance. Again, the court found that the clerk complied with the plain language

of Section 21.049 by sending notice to the party and not the attorney.  *Id.* at *3.

While Defendant points to the case of *Morin v. Boecker*, 122 S.W.3d 911 (Tex. App.—Corpus Christi 2003, no pet.), that case is a forcible entry and detainer case subject to the notice requirements of Texas Rules of Civil Procedure 8 and 21a. The case is inapplicable to an analysis of Texas Property Code § 21.049.

Again, the State is not arguing that the Rules of Civil Procedure never apply, only that where steps are set out by specific rules in the Property Code, the specific rules govern.  For those procedures plainly detailed in the Property Code, the Property Code prevails.  For ancillary items not dictated by the Property Code, the Rules of Civil Procedure apply.

### 2. All Property Code notice requirements were met.

#### a. The requirements of Texas Property Code § 21.016 were met.

All notices were served in accordance with the Property Code.  Specifically, notices of the hearing were served in accordance with Texas Property Code § 21.016.  Per § 21.016(d)(1), notice is to be served on either the party, the party's agent, or the party's attorney.  The notices were served on Pappas Restaurants and Pappas Bar-B-Q's registered agent: Alysia Perry, legal secretary to Ms. Marchand and Mr. Markantonis.  CR 42–47; 435.  Section 21.016(c) requires the original notice and a return of service to be returned to the Special Commissioners on or before the day of the hearing.  As such, the notices and returns of service were filed

with the Court more than one month before the hearing, CR 42–47, and originals were also brought to the hearing for the special commissioners' review. The special commissioners affirmed in the award that all parties received proper notice of the hearing. CR 50, 52.

This situation is analogous to that in *Bristol*, in which the Supreme Court held that while statements in an award alone were insufficient to prove compliance with Section 21.016's notice requirements, a return of service was "independent proof of proper service." *Id.* at 642–643. The Court rejected the argument service could only be proved through testimony, noting that Section 21.016 clearly did not anticipate live testimony and that such a requirement would allow condemnees to "too easily challenge the commissioners' jurisdiction every time a person outside the court's subpoena power serves notice of a commissioners' hearing." *Id.* at 643. Here, as in *Bristol*, the fact that the returns of service were on file with the court before the date of the special commissioners hearing, together with the affirmations in the award that proper service was made on the parties, establish a prima facie case that the returns were returned to the special commissioners for their review.

### b. Defendant's withdrawal of the award precludes a right to take challenge.

Even if there had been any irregularities regarding compliance with Section 21.016, Texas law firmly establishes that by withdrawing the award, a

landowner consents to the acquisition and cannot thereafter contend that the taking was unlawful. *See Tejas Gas Corp. v. Herrin,* 716 S.W.2d 45, 46 (Tex. 1986); *Religious of the Sacred Heart of Tex. v. City of Hous.,* 836 S.W.2d 606, 613 (Tex. 1984); *State v. Jackson,* 388 S.W.2d 924, 295 (Tex. 1965); *City of San Antonio v. Grandjean,* 41 S.W. 477, 479 (Tex. 1897); *Luby v. City of Dall.,* 396 S.W.2d 192, 195 (Tex. Civ. App—Dallas 1965, writ ref'd n.r.e). In *Grandjean,* the Supreme Court stated that "in cases in which there has been an attempt to condemn, but the proceedings are invalid for want of a compliance with the statute which authorized the condemnation, it is held that the owner, by accepting the condemnation assessed, makes the transaction effectual." *Id.* at 479. Similarly, in *Jackson* the Supreme Court held that "by accepting the award of the Special Commissioners the respondent is precluded from contesting the State's right to take the property." *Id.* at 925. By withdrawing the award, landowners consent to the acquisition and "cannot thereafter contend that the taking was unlawful." *Id.* According to Supreme Court in *Herrin,* "this statement is an absolute rule of law which does not yield to surrounding circumstances." *Id.* at 46. Even in cases such as *Luby,* where the landowners argued numerous irregularities such as insufficient description of the land, failure to properly state the names of interest holders, and failure to state the purpose for which the property was to be acquired, the court held that, by withdrawing the award, the landowners "must be held as a matter of law to have

14

impliedly consented to the taking of their property. Only the question of adequate compensation remained to be determined." *Id.* at 195.

In this case, the Order Withdrawing Deposit was granted on October 1, 2014. CR 95–97. Any argument regarding the State's right to take has been waived.

### c. The requirements of Texas Property Code § 21.049 were met.

The special commissioners held the hearing and issued their award, which was filed in accordance with Section 21.048. Section 21.049 then requires that notice of the award be sent "by certified or registered United States mail, return receipt requested, to the parties in the proceeding *or* their attorneys of record, at their addresses of record." *See* Tex. Prop. Code § 21.049 (emphasis added). Notices of the award for Pappas Restaurants and Pappas Bar-B-Q were sent to Alysia Perry, registered agent for both entities and legal secretary for the entities' legal counsel, Anna Sabayrac Marchand and Frank Markantonis. Ms. Perry, Ms. Marchand, and Mr. Markantonis also share a common address: 13939 Northwest Freeway, Houston, TX 77040.

Pursuant to Section 21.048, the award was filed the same day as the special commissioners' hearing, July 22, 2015; however, due to a defect with the copy of the award, it was refiled on Friday, July 25, 2014. Section 21.049 states that "not later than the next working day after the day the decision is filed, the clerk shall send notice of the decision by certified or registered United States mail, return receipt

15

requested, to the parties in the proceeding, *or* to their attorneys of record, at their addresses of record." *See* Tex. Prop. Code § 21.049 (emphasis added). On Friday, July 25, 2014, the clerk issued notices that an award had been filed on July 22, 2014. On Monday, July 28, 2014, the clerk issued notices that an award had been filed on July 25, 2014. Notice was again sent to Alysia Perry, the parties' registered agent and legal secretary to the parties' counsel, at the address shared by Ms. Perry, Ms. Marchand, and Mr. Markantonis.

Defendants argue that "the word 'or' does not automatically create mutually exclusive options," Pappas Br. 32; however, as discussed above, the Fort Worth court of appeals in *Brockriede* has already looked specifically at the notice requirements of Section 21.049 and found just that. In addition to finding that it was the Property Code that controlled, not the Rules of Civil Procedure, the court found that a trial clerk's mailing of notice to a party and not that party's counsel, satisfied the notice provision, even though the court knew that the party was represented. *Brockriede*, No. 02-13-00071-CV, 2013 WL 6564276 at \*3.

Defendants cite to *City of Lorena v. BMPT Holdings, L.P.*, 409 S.W.3d 634 (Tex. 2013). That case turned on a statute's definition of "development," as "the construction, reconstruction, or other alteration or improvement of residential or commercial buildings or the subdivision, *or* replatting of a subdivision of residential or commercial property." *Id*. at 641–42 (emphasis added). Here also, the Court

16

found that "or" meant one or the other. *Id*. at 642. "Giving effect to the statute's plain language, a property need not be approved for both the subdivision and construction aspects of development." *Id*. Another case Defendants cite, *Spradlin v. Jim Walter Homes, Inc*., 34 S.W.3d 578 (Tex. 2000), held that "work and material used in constructing new improvements thereon, if contracted for in writing, *or* work and material used to repair or renovate existing improvements thereon," were two separate exceptions, with one having distinct subparts. *Id*. at 579, 581 (emphasis added). In meeting one exception, it was not necessary to comply with the subparts of the other. *Id* at 581. None of the cases cited by Defendants state that if you can meet the requirements of one alternative, you are forbidden from instead meeting the requirements of the other.

As stated in *Heritage on San Gabriel Homeowners Association v. Texas Commission on Environmental Quality*, 393 S.W.3d 417 (Tex. App.—Austin 2012, pet. denied), also cited by Defendants, "Texas courts consider the use of the word 'or' against the backdrop of the entire statute." *Id*. at 427. The Property Code sets out alternatives in Sections 21.016 and 21.049, allowing notice to "the party or the party's agent or attorney," or "the parties in the proceeding, or to their attorneys," respectively. As noted in *Brockriede*, No. 02-13-00071-CV, 2013 WL 6564276 at *3, the Property Code does not require service in the manner of the Texas Rules of Civil Procedure and the legislature could have included language to this effect as

17

they did in Texas Tax Code § 34.04(b), which reads: A copy of the petition shall be served, in the manner prescribed by Rule 21a, Texas Rules of Civil Procedure, as amended, or that rule's successor, on all parties. The absence of this language is telling. This Court should, as the *Brockriede* court did, follow the statute's "plain language," and find that notice to the party satisfied the requirements of § 21.049.

In addition, the State would note that Ms. Marchand and Mr. Markantonis never withdrew as attorneys for Pappas Restaurants. Although they were replaced by H. Dixon Montague and Don C. Griffin as the attorneys in charge, they never sought to withdraw as counsel. Moreover, Mr. Montague and Mr. Griffin had a duty to inform themselves of the events preceding their appearance and to prepare for upcoming deadlines. At the time they entered their appearance on July 26, 2014, they would have been able to see that a hearing had been held July 22, 2014, and that an award had been filed July 22, 2014. They could also have seen a copy of the award (SCR 4–16) online, with the award indicating that notices had already been mailed. They might also have been able to see that a second award had been filed July 25, 2014.

**d.      The requirements of Texas Property Code § 21.061 were met.**

Finally, with regard to the question of notice of the filing of the Judgment of Court in Absence of Objection, Property Code § 21.061 makes the entry of such a judgment a mandatory, ministerial act: "If no party in a condemnation proceeding

files timely objections to the findings of the special commissioners, the judge of the court that has jurisdiction of the proceeding shall adopt the commissioners' findings as the judgment of the court, record the judgment in the minutes of the court, and issue the process necessary to enforce the judgment." The State here provided a proposed Judgment to the Court to assist with this duty; however, any party to the suit could have done so. The Property Code makes no requirement that notice be given of such an event, only that notice be given once the judgment is made. Even so, the State provided notice to opposing counsel that a proposed judgment had been submitted to the Court.

**C.     The trial court correctly entered the Judgment in Absence of Objection because Defendants failed to file timely objections.**

Defendants agree that Texas has a two part condemnation process: an administrative phase and a separate judicial phase. *See* Pappas Br. 15–16. They also agree that until objections are filed, the case remains administrative in nature. *See* Pappas Br. 15–16. As no timely objections were filed, the trial court performed its ministerial duty by entering the Judgment in Absence of Objection and was correct to deny Defendants' Motion for New Trial.

**1.     Defendant's Notice of Appearance of Substitute Counsel is not objections.**

Defendants argue that Pappas Restaurants' filing of a Notice of Appearance of Substitute Counsel, CR 63–64, constituted objections.  Property Code

19

§ 21.018(a) governs appeals from the award and states that "A party to a condemnation proceeding may object to the findings of the special commissioners *by filing a written statement of the objections and their grounds* with the court that has jurisdiction of the proceeding." *Id.* (emphasis added). Nowhere in Pappas Restaurants' filing is there a reference to the award, much less any language objecting to it. The document filed clearly states it is a notice of appearance.

The State agrees that objections do not need to comply with the pleading requirements set out in the Rules of Civil Procedure, that they are governed by Section 21.018(a), that there are no magic words to evoke an objection, and that objections need not particularize the elements of damages, but Defendants cannot turn a Notice of Appearance into objections. The case law shows that some written expression of complaint regarding the award is required. In *American Tel. & Tel. Co. v. Peurifoy,* 242 S.W.2d 233 (Tex. Civ. App.—Dallas 1951, no writ), there was a question of whether objections had been filed where defendants never used the word objection. Still, as defendants submitted a multi-paragraph response that "set out a disagreement as to the damage to the several owners of interest in the land involved, plead facts upon which each defendant's damage was based, and sought recovery of these alleged damages in amounts far in excess of the $1,200 deposited in the county court and also far in excess of the commissioners' award," *Id.* at 236, this was held sufficient to constitute objections.

20

*Thompson v. Martin County,* 247 S.W.2d 585 (Tex. Civ. App.—El Paso 1952, writ dism'd), also questioned whether language was sufficient to constitute an objection. Here the language read "Dear Sir: Mr. A.D. Thompson has requested that we notify you of his disapproval of the findings of the three partial and bias [sic] commissioners appointed to assess the value of his property condemned for highway purposes in Martin County. Please consider this as his request for Jury Trial in these proceedings." *Id.* at 586. Again, the language was found sufficient to act as objections.

Another case cited by Defendants, *City of Houston v. Huber,* 311 S.W.2d 488 (Tex. Civ. App.—Houston [14th Dist.] 1958, no writ), cited back to *Fitzgerald v. City of Dallas,* 34 S.W.2d 682 (Tex. Civ. App.—Dallas 1930, writ ref'd), in which the objections read "the award of $150 was wholly insufficient compensation for the property taken and the damages to the remainder of appellants' property." *Fitzgerald.* at 682. In each of the above listed cases there was language explicitly speaking to and disapproving of the award. Pappas Restaurants' Notice of Appearance does neither.

Defendants argue that because the notice stated, "Mr. Montague and Mr. Griffin will be responsible for the suit," CR 63–64, this established Defendant was unsatisfied with the award; however, this is the same language used to notice anyone of a change in the attorney in charge. The Notice of Appearance of Ms. Marchand

21

and Mr. Markantonis stated they were appearing in the "cause;" but this indicated only that they were becoming involved in the proceedings. CR 19–20. Calling an administrative proceeding a "suit" or a "cause" does not change its nature and does not satisfy the elements of an objection laid out in Tex. Prop. Code § 21.018.

Defendants similarly argue that the notice's request for attorney's fees in the event of dismissal set forth an affirmative counterclaim against the State that would only be applicable during the judicial phase of a condemnation case. In fact, the award of attorney's fees due to dismissal of an eminent domain action is governed by Texas Property Code § 21.0195(c), which states that, if a court dismisses a condemnation proceeding at the Texas Department of Transportation's request, "the court shall make an allowance to the property owner for the value of the department's use of the property while in possession of the property, any damage that the condemnation has caused to the property owner, and any expenses the property owner has incurred in connection with the condemnation, including reasonable and necessary fees for attorneys."

Cases interpreting this section have held that the award of attorney's fees is mandatory, and that they must be awarded even if a case is dismissed while in its administrative phase. *See State v. Gracia,* 56 S.W.3d 196, 202 (Tex. App—Fort Worth 2001, no pet.); *Eller Media Co. v. State,* 51 S.W.3d 783, 786 (Tex. App—Fort Worth 2001, no pet.). In *Eller Media Co.,* for example, there were no

22

objections filed, so the case never reached the judicial phase. The State moved to nonsuit the case. The court of appeals rejected arguments that the trial court lacked jurisdiction and therefore had no power to award expenses. The court held that because the trial court had subject matter jurisdiction over the condemnation, the court was required to follow the provisions of Section 21.0195(c) and "had no discretion to refuse to award Eller its reasonable and necessary attorney's fees." *Id.* at 786. *Gracia* similarly found that Section 21.0195(c) was a special statutory provision and that the trial court therefore "had no discretion to refuse to award expenses." *Id.* at 199 and 202. It is clear that the award of expenses in condemnation is not a counterclaim limited to the judicial phase, but a mandatory special statutory provision that applies no matter when an action is dismissed.

Also unconvincing is Defendants' argument that the Notice of Appearance would have been a futile act if Pappas Restaurants was satisfied with the award. Pappas Br. 24–25. Pappas Restaurants could have filed this to receive notice of when the award was deposited or if another party filed an objection or entered an appearance. It might have filed a notice of appearance because the attorneys of record at the time wished to withdraw or simply to show they there were new attorneys in charge. It might also have filed the notice simply to show their authority to act for Pappas Restaurants in motioning to withdraw money from the court registry and so that payment could be made out to both Pappas Restaurants and

23

its attorneys, as the record in fact reflects.   CR 89–91, 95–97, 104–05.

**2. Defendant's late objections do not "relate back to" or "amend" its previous Notice of Appearance of Substitute Counsel.**

Defendants also argue that the objections filed September 26, 2014, should be considered to relate back to or amend the previous Notice of Appearance, to shore up those "objections."   Still, in each of the cases cited by Defendants, the original objections were timely filed.  *Hopkins v. State,* No. 03-07-00253-CV, 2009 WL 3806160, at *2 (Tex. App.—Austin Nov. 13, 2009, no pet.) (mem. op.) specifically notes that the pleadings were called "First Amended Objections to the Award" and "Second Amended Objections to the Award."   In *Sinclair v. City of Center,* 107 S.W.2d 921 (Tex. Civ. App.—Beaumont 1937, writ ref'd), objections had been filed citing disagreement with the award and were amended because the attorney failed to sign his name as the party's counsel.   Here, the objections filed September 26, 2014, did not indicate they were "First Amended" or that they related back to a previous filing.   They were also the first time that Defendant actually set out the required "written statement of the objections and their grounds" required by Section 21.018. It was Pappas Restaurants' first filed objections and they were late.

**3.     Tolling Does Not Apply.**

Tolling does not apply where the court clerk complied with the notice requirements of Property Code § 21.049.   In this case, the court mailed notice of the

award to the party's registered agent, Alysia Perry, at the address shared by herself, Ms. Marchand and Mr. Markantonis on both Friday, July 25, 2014, and Monday, July 28, 2014. In *John v. State*, 826 S.W.2d 138 (Tex. 1992), the Court tolled the deadline to file objections because the court clerk mailed notice of the award after the objection deadline passed. Similarly, in *Oncor Electric Delivery Co. LLC v. Schunke*, No. 04-13-00067-CV, 2013 WL 6672494 (Tex. App.—San Antonio Dec. 18, 2013, pet. dism'd by agr.) (mem. op.), the San Antonio Court of Appeals tolled the deadline to file objections because the clerk failed to mail notice of the award. There, neither the party nor their attorney received notice. The only case Defendants cite standing for the proposition that notice must to be mailed to the attorney of record is *Morin v. Boecker,* 122 S.W.3d 911 (Tex. App.—Corpus Christi 2003, no pet.); however, *Morin* is a forcible entry and detainer case and all Rules of Civil Procedure had to be followed. That case is not controlling in an eminent domain proceeding subject to the requirements of the Property Code. *See John,* 826 S.W.2d at 140; *Bristol,* 65 S.W.3d at 640.

As for Defendants' assertion in their Statement of Facts that the court's trial setting indicated that the case was moving into the judicial phase, Pappas Br. 8, Harris County routinely sets cases on the trial docket or for mediation after a petition has been filed in a condemnation case. Courts routinely reset trial dates when cases are still administrative on or near the designated date. Harris County's push to keep

25

its cases moving is not determinative of whether the condemnation is in its administrative or judicial phase. The court has no inherent authority to unilaterally convert an administrative proceeding into a judicial one.

## PRAYER

For all of the reasons stated herein, the State asks this Court to affirm the trial court's judgment. The State also requests that all costs of this appeal be taxed against Appellants and for such further relief, general or special, to which it may be justly entitled.

Respectfully submitted,

KEN PAXTON
ATTORNEY GENERAL OF TEXAS

CHARLES E. ROY
FIRST ASSISTANT ATTORNEY GENERAL

JAMES E. DAVIS
DEPUTY ATTORNEY GENERAL FOR
CIVIL LITIGATION

RANDALL K. HILL
ASSISTANT ATTORNEY GENERAL
CHIEF, TRANSPORTATION DIVISION

/S/   Cristina Vudhiwat
CRISTINA VUDHIWAT
State Bar No. 24056479
Assistant Attorney General
P. O. Box 12548
Austin, Texas   78711-2548
512/ 463-2004; FAX 512/ 472-3855
Email:
Cristina.Vudhiwat@texasattorneygeneral.gov
ATTORNEYS FOR APPELLEE
THE STATE OF TEXAS

## CERTIFICATE OF COMPLIANCE

This is to certify that this Brief contains 6,173 words, and is in compliance with the Texas Rule of Appellate Procedure 9.4(2)(B).

/s/ Cristina Vudhiwat
CRISTINA VUDHIWAT
Assistant Attorney General

# CERTIFICATE OF SERVICE

This is to certify that on 18th of May, 2015, a true and correct copy of ***Brief of Appellee State of Texas*** was filed on the following parties in the manner indicated:

*Via Facsimile and E-Service*

H. Dixon Montague
State Bar No. 14277700
dmontague@velaw.com
Don C. Griffin
State Bar No. 08456975
dgriffin@velaw.com
Catherine B. Smith
State Bar No. 03319970
csmith@velaw.ccom
1001 Fannin Street, Suite 2500
Houston, Texas 77002-6760
Telephone: 713-758-3508
Facsimile: 713-615-5985
ATTORNEY FOR APPELLANTS
PAPPAS RESTAURANTS, INC.


Anna Sabayrac Marchand
State Bar No. 24060543
amarchand@pappas.com
Frank Markantonis
State Bar No. 12986700
13939 Northwest Freeway, Suite 100
Houston, TX   77040
Telephone: 713-863-0611
Facsimile: 713-863-0523
ATTORNEY FOR APPELLANTS
PAPPAS BAR-B-Q, INC.

/S/   Cristina Vudhiwat
CRISTINA VUDHIWAT
Assistant Attorney General

**Westlaw.**

V.T.C.A., Government Code § 311.026                                    Page 1

C

**Effective:[See Text Amendments]**

Vernon's Texas Statutes and Codes Annotated Currentness
  Government Code (Refs & Annos)
    Title 3. Legislative Branch (Refs & Annos)
      Subtitle B. Legislation
        Chapter 311. Code Construction Act (Refs & Annos)
          Subchapter C. Construction of Statutes (Refs & Annos)
            ➡➡ **§ 311.026. Special or Local Provision Prevails Over General**

(a) If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.

(b) If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail.

CREDIT(S)

Acts 1985, 69th Leg., ch. 479, § 1, eff. Sept. 1, 1985.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Westlaw.

V.T.C.A., Property Code § 21.011                                    Page 1

**C**

**Effective:[See Text Amendments]**

Vernon's Texas Statutes and Codes Annotated Currentness
  Property Code (Refs & Annos)
    Title 4. Actions and Remedies
      Chapter 21. Eminent Domain (Refs & Annos)
        Subchapter B. Procedure (Refs & Annos)
          ➡➡ **§ 21.011. Standard Procedure**

Exercise of the eminent domain authority in all cases is governed by Sections 21.012 through 21.016 of this code.

CREDIT(S)

Acts 1983, 68th Leg., p. 3498, ch. 576, § 1, eff. Jan. 1, 1984.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.



C

**Effective: September 1, 2011**

Vernon's Texas Statutes and Codes Annotated Currentness
  Property Code (Refs & Annos)
    Title 4. Actions and Remedies
      Chapter 21. Eminent Domain (Refs & Annos)
        Subchapter B. Procedure (Refs & Annos)
          ➡➡ **§ 21.016. Notice**

(a) Each party in an eminent domain proceeding is entitled to written notice issued by the special commissioners informing the party of the time and place of the hearing.

(b) Notice of the hearing must be served on a party not later than the 20th day before the day set for the hearing. A person competent to testify may serve the notice.

(c) A person who serves a notice shall return the original notice to the special commissioners on or before the day set for hearing. The person shall write a return of service on the notice that states how and when it was served.

(d) Notice may be served:

   (1) by delivering a copy of the notice to the party or to the party's agent or attorney;

   (2) if the property being condemned belongs to a deceased's estate or to a minor or other legally disabled person and the person or estate has a legal representative, by delivering a copy of the notice to the legal representative; or

   (3) if the property being condemned belongs to a nonresident of this state and there has been no personal service on the owner, if the identity or the residence of the property owner is unknown, or if the property owner avoids service of notice by hiding, by publication in the same manner as service of citation by publication in other civil cases in the district courts or county courts at law.

CREDIT(S)

Acts 1983, 68th Leg., p. 3500, ch. 576, § 1, eff. Jan. 1, 1984. Amended by Acts 2011, 82nd Leg., ch. 81 (S.B. 18), § 12, eff. Sept. 1, 2011.

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.



c

**Effective:[See Text Amendments]**

Vernon's Texas Statutes and Codes Annotated Currentness
  Property Code (Refs & Annos)
    Title 4. Actions and Remedies
      Chapter 21. Eminent Domain (Refs & Annos)
        Subchapter B. Procedure (Refs & Annos)
          ➡➡ **§ 21.018. Appeal From Commissioners' Findings**

(a) A party to a condemnation proceeding may object to the findings of the special commissioners by filing a written statement of the objections and their grounds with the court that has jurisdiction of the proceeding. The statement must be filed on or before the first Monday following the 20th day after the day the commissioners file their findings with the court.

(b) If a party files an objection to the findings of the special commissioners, the court shall cite the adverse party and try the case in the same manner as other civil causes.

CREDIT(S)

Acts 1983, 68th Leg., p. 3501 ch. 576, § 1, eff. Jan. 1, 1984.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.



V.T.C.A., Property Code § 21.0195                                                Page 1

**C**

**Effective:[See Text Amendments]**

Vernon's Texas Statutes and Codes Annotated Currentness
  Property Code (Refs & Annos)
    Title 4. Actions and Remedies
      Chapter 21. Eminent Domain (Refs & Annos)
        Subchapter B. Procedure (Refs & Annos)
          ➡➡ **§ 21.0195. Dismissal of Certain Condemnation Proceedings; Texas Department of Transportation**

(a) This section applies only to the dismissal of a condemnation proceeding that involves the Texas Department of Transportation.

(b) The department may move to dismiss a proceeding it files, and the court shall conduct a hearing on the motion. The court may grant the motion only if the court determines that the property owner's interest will not be materially affected by the dismissal. The department may not dismiss the condemnation proceedings merely to institute new proceedings that involve substantially the same condemnation against the same property owner solely to obtain a lower condemnation award.

(c) If a court dismisses a condemnation proceeding on the motion of the department or as a result of the failure of the department to bring the proceeding properly, the court shall make an allowance to the property owner for the value of the department's use of the property while in possession of the property, any damage that the condemnation has caused to the property owner, and any expenses the property owner has incurred in connection with the condemnation, including reasonable and necessary fees for attorneys.

CREDIT(S)

Added by Acts 1997, 75th Leg., ch. 1171, § 1.46(a), eff. Sept. 1, 1997.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.



**C**

**Effective:[See Text Amendments]**

Vernon's Texas Statutes and Codes Annotated Currentness
  Property Code (Refs & Annos)
    Title 4. Actions and Remedies
      Chapter 21. Eminent Domain (Refs & Annos)
        Subchapter C. Damages and Costs (Refs & Annos)
        ➡➡ **§ 21.048. Statement of Damages and Costs**

After the special commissioners in an eminent domain proceeding have assessed the damages, they shall:

(1) make a written statement of their decision stating the damages, date it, sign it, and file it and all other papers connected with the proceeding with the court on the day the decision is made or on the next working day after the day the decision is made; and

(2) make and sign a written statement of the accrued costs of the proceeding, naming the party against whom the costs are adjudged, and file the statement with the court.

CREDIT(S)

Acts 1983, 68th Leg., p. 3507, ch. 576, § 1, eff. Jan. 1, 1984. Amended by Acts 1984, 68th Leg., 2nd C.S., ch. 18, § 1(c), eff. Oct. 2, 1984.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.



C

**Effective:[See Text Amendments]**

Vernon's Texas Statutes and Codes Annotated Currentness
  Property Code (Refs & Annos)
    Title 4. Actions and Remedies
      Chapter 21. Eminent Domain (Refs & Annos)
        Subchapter C. Damages and Costs (Refs & Annos)
          ➡➡ **§ 21.049. Notice of Decision of Special Commissioners**

The judge of a court hearing a proceeding under this chapter shall inform the clerk of the court as to a decision by the special commissioners on the day the decision is filed or on the next working day after the day the decision is filed. Not later than the next working day after the day the decision is filed, the clerk shall send notice of the decision by certified or registered United States mail, return receipt requested, to the parties in the proceeding, or to their attorneys of record, at their addresses of record.

CREDIT(S)

Added by Acts 1984, 68th Leg., 2nd C.S., ch. 18, § 1(d), eff. Oct. 2, 1984.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.



C

**Effective:[See Text Amendments]**

Vernon's Texas Statutes and Codes Annotated Currentness
  Property Code (Refs & Annos)
    Title 4. Actions and Remedies
      Chapter 21. Eminent Domain (Refs & Annos)
        Subchapter D. Judgment
          ➡➡ **§ 21.061. Judgment on Commissioners' Findings**

If no party in a condemnation proceeding files timely objections to the findings of the special commissioners, the judge of the court that has jurisdiction of the proceeding shall adopt the commissioners' findings as the judgment of the court, record the judgment in the minutes of the court, and issue the process necessary to enforce the judgment.

CREDIT(S)

Acts 1983, 68th Leg., p. 3507, ch. 576, § 1, eff. Jan. 1, 1984.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.



C

Vernon's Texas Rules Annotated Currentness
  Texas Rules of Civil Procedure
    Part I. General Rules (Refs & Annos)
      ➡➡ **Rule 8. Attorney in Charge**

On the occasion of a party's first appearance through counsel, the attorney whose signature first appears on the initial pleadings for any party shall be the attorney in charge, unless another attorney is specifically designated therein. Thereafter, until such designation is changed by written notice to the court and all other parties in accordance with Rule 21a, said attorney in charge shall be responsible for the suit as to such party.

All communications from the court or other counsel with respect to a suit shall be sent to the attorney in charge.

CREDIT(S)

Oct. 29, 1940, eff. Sept. 1, 1941. Amended by order of July 15, 1987, eff. Jan. 1, 1988.

Current with amendments received through 3/15/2015

(C) 2015 Thomson Reuters

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.



C

Vernon's Texas Rules Annotated Currentness
  Texas Rules of Civil Procedure
    Part II. Rules of Practice in District and County Courts
      Section 1. General Rules (Refs & Annos)
        ➡➡ **Rule 21. Filing and Serving Pleadings and Motions**

(a) *Filing and Service Required.* Every pleading, plea, motion, or application to the court for an order, whether in the form of a motion, plea, or other form of request, unless presented during a hearing or trial, must be filed with the clerk of the court in writing, must state the grounds therefor, must set forth the relief or order sought, and at the same time a true copy must be served on all other parties, and must be noted on the docket.

(b) *Service of Notice of Hearing.* An application to the court for an order and notice of any hearing thereon, not presented during a hearing or trial, must be served upon all other parties not less than three days before the time specified for the hearing, unless otherwise provided by these rules or shortened by the court.

(c) *Multiple Parties.* If there is more than one other party represented by different attorneys, one copy of each pleading must be served on each attorney in charge.

(d) *Certificate of Service.* The party or attorney of record, must certify to the court compliance with this rule in writing over signature on the filed pleading, plea, motion, or application.

(e) *Additional Copies.* After one copy is served on a party, that party may obtain another copy of the same pleading upon tendering reasonable payment for copying and delivering. Tx. Supreme Court Misc. Dkt. No. 13-9165 Court of Criminal Appeals Misc. Dkt. No. 13-003

(f) *Electronic Filing*.

  (1) Requirement. Except in juvenile cases under Title 3 of the Family Code, attorneys must electronically file documents in courts where electronic filing has been mandated. Attorneys practicing in courts where electronic filing is available but not mandated and unrepresented parties may electronically file documents, but it is not required.

  (2) Email Address. The email address of an attorney or unrepresented party who electronically files a document must be included on the document.

  (3) Mechanism. Electronic filing must be done through the electronic filing manager established by the Office of

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Court Administration and an electronic filing service provider certified by the Office of Court Administration.

(4) Exceptions.

  (A) Wills are not required to be filed electronically.

  (B) The following documents must not be filed electronically:

    (i) documents filed under seal or presented to the court in camera; and

    (ii) documents to which access is otherwise restricted by law or court order.

  (C) For good cause, a court may permit a party to file other documents in paper form in a particular case.

(5) Timely Filing. Unless a document must be filed by a certain time of day, a document is considered timely filed if it is electronically filed at any time before midnight (in the court's time zone) on the filing deadline. An electronically filed document is deemed filed when transmitted to the filing party's electronic filing service provider, except:

  (A) if a document is transmitted on a Saturday, Sunday, or legal holiday, it is deemed filed on the next day that is not a Saturday, Sunday, or legal holiday; and

  (B) if a document requires a motion and an order allowing its filing, the document is deemed filed on the date that the motion is granted.

(6) Technical Failure. If a document is untimely due to a technical failure or a system outage, the filing party may seek appropriate relief from the court. If the missed deadline is one imposed by these rules, the filing party must be given a reasonable extension of time to complete the filing.

(7) Electronic Signatures. A document that is electronically served, filed, or issued by a court or clerk is considered signed if the document includes:

  (A) a "/s/" and name typed in the space where the signature would otherwise appear, unless the document is notarized or sworn; or

  (B) an electronic image or scanned image of the signature.

(8) Format. An electronically filed document must:

  (A) be in text-searchable portable document format (PDF);

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

(B) be directly converted to PDF rather than scanned, if possible;

(C) not be locked; and

(D) otherwise comply with the Technology Standards set by the Judicial Committee on Information Technology and approved by the Supreme Court.

(9) Paper Copies. Unless required by local rule, a party need not file a paper copy of an electronically filed document.

(10) Electronic Notices From the Court. The clerk may send notices, orders, or other communications about the case to the party electronically. A court seal may be electronic.

(11) Non-Conforming Documents. The clerk may not refuse to file a document that fails to conform with this rule. But the clerk may identify the error to be corrected and state a deadline for the party to resubmit the document in a conforming format.

(12) Original Wills. When a party electronically files an application to probate a document as an original will, the original will must be filed with the clerk within three business days after the application is filed.

(13) Official Record. The clerk may designate an electronically filed document or a scanned paper document as the official court record. The clerk is not required to keep both paper and electronic versions of the same document unless otherwise required by local rule. But the clerk must retain an original will filed for probate in a numbered file folder.

CREDIT(S)

Oct. 29, 1940, eff. Sept. 1, 1941. Amended by orders of Sept. 20, 1941, eff. Dec. 31, 1941; Aug. 18, 1947, eff. Dec. 31, 1947; July 11, 1977, eff. Jan. 1, 1978; June 10, 1980, eff. Jan. 1, 1981; April 24, 1990, eff. Sept. 1, 1990; Dec. 11, 2013, eff. Jan. 1, 2014.

Current with amendments received through 3/15/2015

(C) 2015 Thomson Reuters

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.



**C**

Vernon's Texas Rules Annotated Currentness
  Texas Rules of Civil Procedure
    Part II. Rules of Practice in District and County Courts
      Section 5. Citation (Refs & Annos)
      ➡➡ **Rule 121. Answer is Appearance**

An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him.

CREDIT(S)

Oct. 29, 1940, eff. Sept. 1, 1941.

Current with amendments received through 3/15/2015

(C) 2015 Thomson Reuters

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.



C

**Effective: September 1, 2011**

Vernon's Texas Statutes and Codes Annotated Currentness
  Tax Code (Refs & Annos)
    Title 1. Property Tax Code
      Subtitle E. Collections and Delinquency
        Chapter 34. Tax Sales and Redemption
          Subchapter A. Tax Sales
            ➜➜ **§ 34.04. Claims for Excess Proceeds**

(a) A person, including a taxing unit and the Title IV-D agency, may file a petition in the court that ordered the seizure or sale setting forth a claim to the excess proceeds. The petition must be filed before the second anniversary of the date of the sale of the property. The petition is not required to be filed as an original suit separate from the underlying suit for seizure of the property or foreclosure of a tax lien on the property but may be filed under the cause number of the underlying suit.

(b) A copy of the petition shall be served, in the manner prescribed by Rule 21a, Texas Rules of Civil Procedure, as amended, or that rule's successor, on all parties to the underlying action not later than the 20th day before the date set for a hearing on the petition.

(c) At the hearing the court shall order that the proceeds be paid according to the following priorities to each party that establishes its claim to the proceeds:

  (1) to the tax sale purchaser if the tax sale has been adjudged to be void and the purchaser has prevailed in an action against the taxing units under Section 34.07(d) by final judgment;

  (2) to a taxing unit for any taxes, penalties, or interest that have become due or delinquent on the subject property subsequent to the date of the judgment or that were omitted from the judgment by accident or mistake;

  (3) to any other lienholder, consensual or otherwise, for the amount due under a lien, in accordance with the priorities established by applicable law;

  (4) to a taxing unit for any unpaid taxes, penalties, interest, or other amounts adjudged due under the judgment that were not satisfied from the proceeds from the tax sale; and

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

(5) to each former owner of the property, as the interest of each may appear, provided that the former owner:

(A) was a defendant in the judgment;

(B) is related within the third degree by consanguinity or affinity to a former owner that was a defendant in the judgment; or

(C) acquired by will or intestate succession the interest in the property of a former owner that was a defendant in the judgment.

(c-1) Except as provided by Subsections (c)(5)(B) and (C), a former owner of the property that acquired an interest in the property after the date of the judgment may not establish a claim to the proceeds. For purposes of this subsection, a former owner of the property is considered to have acquired an interest in the property after the date of the judgment if the deed by which the former owner acquired the interest was recorded in the real property records of the county in which the property is located after the date of the judgment.

(d) Interest or costs may not be allowed under this section.

(e) An order under this section directing that all or part of the excess proceeds be paid to a party is appealable.

(f) A person may not take an assignment or other transfer of an owner's claim to excess proceeds unless:

(1) the assignment or transfer is taken on or after the 36th day after the date the excess proceeds are deposited in the registry of the court;

(2) the assignment or transfer is in writing and signed by the assignor or transferor;

(3) the assignment or transfer is not the result of an in-person or telephone solicitation;

(4) the assignee or transferee pays the assignor or transferor on the date of the assignment or transfer an amount equal to at least 80 percent of the amount of the assignor's or transferor's claim to the excess proceeds; and

(5) the assignment or transfer document contains a sworn statement by the assignor or transferor affirming:

(A) that the assignment or transfer was given voluntarily;

(B) the date on which the assignment or transfer was made and that the date was not earlier than the 36th day after the date the excess proceeds were deposited in the registry of the court;

(C) that the assignor or transferor has received the notice from the clerk required by Section 34.03;

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

(D) the nature and specific amount of consideration given for the assignment or transfer;

(E) the circumstances under which the excess proceeds are in the registry of the court;

(F) the amount of the claim to excess proceeds in the registry of the court;

(G) that the assignor or transferor has made no other assignments or transfers of the assignor's or transferor's claim to the excess proceeds;

(H) that the assignor or transferor knows that the assignor or transferor may retain counsel; and

(I) that the consideration was paid in full on the date of the assignment or transfer and that the consideration paid was an amount equal to at least 80 percent of the amount of the assignor's or transferor's claim to the excess proceeds.

(g) An assignee or transferee who obtains excess proceeds without complying with Subsection (f) is liable to the assignor or transferor for the amount of excess proceeds obtained plus attorney's fees and expenses. An assignee or transferee who attempts to obtain excess proceeds without complying with Subsection (f) is liable to the assignor or transferor for attorney's fees and expenses.

(h) An assignee or transferee who files a petition setting forth a claim to excess proceeds must attach a copy of the assignment or transfer document and produce the original of the assignment or transfer document in court at the hearing on the petition. If the original assignment or transfer document is lost, the assignee or transferee must obtain the presence of the assignor or transferor to testify at the hearing. In addition, the assignee or transferee must produce at the hearing the original of any evidence verifying the payment of the consideration given for the assignment or transfer. If the original of any evidence of the payment is lost or if the payment was in cash, the assignee or transferee must obtain the presence of the assignor or transferor to testify at the hearing.

(i) A fee charged by an attorney to obtain excess proceeds for an owner may not be greater than 25 percent of the amount obtained or $1,000, whichever is less. A person who is not an attorney may not charge a fee to obtain excess proceeds for an owner.

(j) The amount of the excess proceeds the court may order be paid to an assignee or transferee may not exceed 125 percent of the amount the assignee or transferee paid the assignor or transferor on the date of the assignment or transfer.

CREDIT(S)

Acts 1979, 66th Leg., p. 2298, ch. 841, § 1, eff. Jan. 1, 1982. Amended by Acts 1983, 68th Leg., p. 4829, ch. 851, § 26, eff. Aug. 29, 1983; Acts 1999, 76th Leg., ch. 1185, § 2, eff. Sept. 1, 1999; Acts 1999, 76th Leg., ch. 1481, § 26, eff. Sept. 1, 1999; Acts 2001, 77th Leg., ch. 1420, § 18.007, eff. Sept. 1, 2001; Acts 2001, 77th Leg., ch. 1430, § 27,

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

eff. Sept. 1, 2001; Acts 2003, 78th Leg., ch. 319, § 10, eff. June 18, 2003; Acts 2009, 81st Leg., ch. 254, § 2, eff. Sept. 1, 2009; Acts 2011, 82nd Leg., ch. 508 (H.B. 1674), § 22, eff. Sept. 1, 2011.

Current through the end of the 2013 Third Called Session of the 83rd Legislature

(C) 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.